No. 20,050.

IRMA FRANCES CALLAHAM *v*. MARION SLAVSKY, ET AL.

(385 P. [2d] 674)

Decided October 7, 1963.     Rehearing denied October 28, 1963.

Messrs. Wood, Ris and Hames, Mr. Thomas T. Crum-packer, for plaintiff in error.

Mr. Alan A. Armour, for defendants in error.

*In Department.*

Opinion by Mr. Justice Sutton.

This is an automobile accident case involving an intersection collision between two vehicles. The parties will be referred to by name.

The record discloses that Stanley Slavsky joined with his wife, Marion Slavsky, the driver of one of the automobiles, in an action for damages against Irma Frances Callaham, the other driver.

Upon trial the jury returned a verdict in favor of both plaintiffs; however, it limited the damages awarded to $50.00 for Mr. Slavsky's vehicle. No damages were awarded Mrs. Slavsky for her alleged injuries and none to the plaintiffs jointly for the claimed resultant premature birth of a child several days after the accident and for its subsequent death.

Following entry of the judgment and within ten days thereafter, the Slavskys filed their motion for a new trial on the ground that error was committed in the giving of Instruction No. 17 with respect to the measure of damages as to Marion Slavsky's claim. It was upon

this limited ground that the motion was thereafter granted, the trial court expressly stating that other grounds set forth in the motion were without foundation. A new trial was then had on all issues. Callaham, however, refused to participate in the new litigation, electing to stand on the record of the first trial. The second trial resulted in verdicts aggregating $11,037.75 in favor of the Slavskys, consisting of a joint award of $4,436.00 for the wrongful death of the child; an award of $6,417.50 to Mrs. Slavsky for personal injuries; and the sum of $183.25 to Mr. Slavsky for damages to his automobile.

By writ of error, Callaham seeks to have the verdicts returned at the second trial set aside and that of the first trial reinstated for several reasons which can be summarized as two basic grounds, viz: (1) That the trial court erroneously granted a new trial on its own initiative in violation of Rule 59(d), R.C.P. Colo.; and (2) in the alternative that that part of Instruction No. 17 upon which the court granted the retrial was in fact a correct statement of the applicable law, hence a new trial could not be predicated on its submission to the jury in the first trial. The Slavskys assign four cross-errors relating to the first trial, one of which concerns the asserted inadequacy of damages and the other three various matters relating to instructions. They also assert cross-error for failure of the trial court, following the second trial, to grant interest on the judgment from the date of filing suit.

With respect to defendant's first point we conclude that no error occurred. A review of the record discloses that the Slavskys' motion for a new trial was filed in due time, hence the order granting it was not upon the court's own initiative, which under Rule 59(d) must occur within ten days after the entry of judgment. The ground upon which the trial court acted was, in fact, encompassed within the terms of the motion itself. Indeed, the trial court carefully captioned its directive

as "Order Re: Motion For New Trial," and recited in part therein:

"*The Court having considered said Motion,* heard arguments of counsel, having taken the matter under advisement and now *being fully informed concerning* the same; * * * The Court finds that the *other grounds set forth in the plaintiff's Motion For New Trial* are without foundation and the same are overruled." (Emphasis supplied.)

As to the second point urged by Callaham, we also find that no error was committed by the trial court. She is correct in her assertion that the portions of Instruction No. 17 relating to the matter of damages to Mrs. Slavsky and the alleged wrongful death of the premature baby are proper statements of the applicable rules especially when considered in the light of the Instruction in its entirety and the other instructions. These particular portions, therefore, as a matter of law, would not justify the granting of a new trial. *Clifford v. Denver, S.P.&P. Ry.,* 12 Colo. 125, 20 Pac. 333 (1888). However, with respect to Mr. Slavsky's alleged damage, which was apparently overlooked by the trial court in overruling "other grounds," Instruction No. 17 is patently erroneous. This is because the Instruction limited him to a recovery of $50.00, his contribution to the repair of his vehicle, when in fact the Instruction should have been framed in terms of his actual damages, not merely his contribution to the cost of repair. In *Lawyers Title Insurance Corporation v. Frieder,* 147 Colo. 44, 47, 362 P. (2d) 555 (1961) we said: " * * * if a trial court announces the wrong grounds or incomplete grounds for its decision, nevertheless if proper grounds do exist therefore in the record * * * it will be affirmed on review * * *." Accord, *Denver-Albuquerque Motor Transport, Inc., v. Galligan,* 145 Colo. 71, 358 P. (2d) 28 (1960).

In regard to Mrs. Slavsky's damages, as well as the joint expenses relating to the child, as noted above,

the jury returned a verdict in favor of the plaintiffs, but awarded no damages although the evidence clearly shows proof of substantial damages with respect to both. That the defendant was negligent and liable for the resulting injuries is settled by the first verdict and the proof compelled the award of some damages on both claims. It is clear, therefore, that the granting of the motion for a new trial was correct, whatever the reasons assigned by the court.

█ It is also appropriate to comment here that it is the duty of the trial court to fully and accurately instruct the jury on all issues of the case, notwithstanding counsel's failure to object or to tender proper instructions on the point involved. See *Kendall v. Hargrave,* 142 Colo. 120, 349 P. (2d) 993 (1960).

Although the judgment must be affirmed as to the verdicts for the reasons aforesaid, we should not do so without also commenting on the Slavskys' assigned cross-errors. As to the four relating to the first trial, the Slavskys, by participation in the new trial, granted upon their motion, effectively waived any claim of error in the rulings of the trial court on their motion for the new trial. Cf. *Mobley v. Cartwright,* 141 Colo. 413, 348 P. (2d) 379 (1960).

█ As to the cross-error assigned for failure of the trial court to grant interest on the second judgment from the date of filing suit we conclude that error was committed. C.R.S. 1953, 41-2-1 expressly provides for the awarding of interest from the date of the filing of the complaint in a personal injury action if requested in the complaint, as was done here. Rule 60(a), R.C.P. Colo., even provides that the trial court may correct an oversight while the case is pending on writ of error provided leave of this court is obtained. The Slavskys were entitled, as a matter of law, to interest on the awards relating to the personal injuries of Mrs. Slavsky and for the wrongful death of the child. *Crosby v. Kroeger,* 138 Colo. 55, 330 P. (2d) 958 (1958). They

were not entitled to interest on the verdict for property damage awarded Mr. Slavsky. The judgment, so far as it relates to interest on the awards, is reversed with directions to the trial court to amend its judgment to include the proper amount of interest due on the two awards coming within the scope of C.R.S. '53, 41-2-1. In all other respects the judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE DAY concur.