## No. 22464.

BERTYL N. HILZER AND INDUSTRIAL COMMISSION OF COLO-
RADO *v*. DENNIS MACDONALD AND VAIL VILLAGE INN, LTD.,
*v*. DUFFY STORAGE AND MOVING COMPANY AND
LLOYD D. COUNTRYMAN.
(454 P.2d 923)

Decided June 2, 1969.    Rehearing denied June 23, 1969.

MATTSON and MATTSON, FRED W. MATTSON, for plaintiff in error Bertyl N. Hilzer.

DUKE W. DUNBAR, Attorney General, PETER L. DYE, Assistant, HAROLD CLARK THOMPSON, ALIOUS ROCKETT, for plaintiff in error Industrial Commission of Colorado.

ZARLENGO, MOTT & CARLIN, JOHN C. MOTT, RAYMOND J. CONNELL, for defendants and third-party plaintiffs in error Dennis MacDonald and Vail Village Inn, Ltd.

YEGGE, HALL, TREECE & EVANS, for third-party defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

BERTYL N. HILZER initiated this action against Dennis MacDonald and Vail Village Inn, Ltd. (hereinafter referred to as Vail Village Inn), to recover damages for a serious personal injury suffered when Hilzer, Mac-Donald and Lloyd D. Countryman tried to recover a tractor and trailer house from a ravine near Vail Pass. Hilzer and Countryman were both employed by Duffy Storage and Moving Company (hereinafter referred to as Duffy Storage). Prior to this action, Hilzer had been compensated under the terms of the Workmen's Compensation Act, and the Industrial Commission (hereinafter referred to as the Commission) joined as a plaintiff in this action to pursue its subrogation rights. As third-party plaintiffs, MacDonald and Vail Village Inn sought indemnification from Countryman and Duffy Storage.

During a trial to a jury, Hilzer relied in the alternative

on theories of negligence and *res ipsa loquitur*. After he rested his case, the trial court ruled as a matter of law that the doctrine of *res ipsa loquitur* did not apply, and that Hilzer's evidence on his case in chief failed to make a *prima facie* case of negligence or proximate cause insofar as MacDonald and Vail Village Inn were concerned. Judgment was entered dismissing the complaint and third-party complaint.

Hilzer contends here (a) that the court erred in its refusal to submit the matter to the jury on a theory of negligence; and (b) that the court erred in its refusal to apply the doctrine of *res ipsa loquitur*. Among other points, Duffy Storage and Countryman contend that the dismissal of the third-party complaint should be affirmed on the grounds that the action was barred by the terms of the Workmen's Compensation Act.

I.

In this state, the issues of negligence and proximate cause are generally to be resolved by the trier of the facts. It is only in the clearest of cases, where the facts are undisputed and reasonable minds could draw but one inference from them, that the question of what constitutes reasonable care is ever one of law to be taken from the jury and decided by the court. *E.g., Bates v. Stagg*, 157 Colo. 456, 404 P.2d 530. With the foregoing principle in mind, we review the record to determine whether the trial court correctly ruled, as a matter of law, that Hilzer had adduced no evidence from which a jury might properly infer MacDonald's negligence.

The record reflects that, prior to the accident involved here, a tractor and trailer and a tractor pulling a trailer house slid from the Vail Pass highway into a nearby ravine. Using a Duffy Storage crane, Hilzer and Countryman removed the tractor and trailer on November 18, 1963. On the next day, they began the removal of the tractor and trailer house involved in the accident which injured Hilzer.

MacDonald, who operated a nearby service station, agreed to use his winch-equipped jeep to assist in the project. The Duffy Storage crane was positioned on the highway above the ravine, and its two cables were attached to the trailer house at each end. Since the trailer house was still coupled to the tractor, the parties planned to lift the back end of the trailer house and swing it around, to enable a person to uncouple the tractor and remove the safety chains. To keep the tractor from sliding farther downhill, the jeep's winch cable was attached to the tractor, which lay 50-70 feet down a 45 degree incline. In turn, the jeep was anchored to the crane with a chain.

Countryman operated the crane, and MacDonald operated his jeep. Standing downhill, Hilzer coordinated the efforts of the other two through hand signals. As the work progressed, both Countryman and MacDonald took up the slack in their respective cables to the trailer house and the tractor. About that moment, the chain securing the jeep to the crane snapped, and the jeep careened downhill, striking Hilzer.

We will mention only the most salient facts presented by the plaintiff in his case in chief which, viewed in its most favorable light, made a *prima facie* case from which the jury could have inferred negligence on the part of MacDonald. MacDonald was to assist in the recovery of the vehicle by using his jeep as a "deadman," or anchor, in order to keep the tractor from sliding farther downhill. MacDonald was not to keep the cable drumtight, but was rather "just to keep the good slack out of it." To make sure that the jeep would not be pulled downhill by the tractor, it was secured to the crane. MacDonald helped to secure the jeep, using his own chain, despite the availability of a cable which was "around someplace if we needed it." At first the jeep was fastened to the crane by a double length of chain. In order to get a better view of the work, however, MacDonald drove his jeep forward, and rechained it himself, but this time used only a single

length of chain. During his operation of the jeep's winch, MacDonald stood on the ground with one foot inside the jeep. Twice during the trial Hilzer testified that he gave MacDonald the signal to stop taking up the cable, and then "looked back over to the front end of the tractor and *the cable was still a going* on the front end of the tractor. And I turned to stop him [MacDonald] and everything went to pieces then." [Emphasis added.]

█ After reviewing the foregoing evidence, we conclude that the trial court erred when it ruled as a matter of law that there was no evidence from which the jury might infer that MacDonald was negligent. In a similar case, we said that it was within the province of the jury to conclude that a prudent crane operator would not continue to exert pressure upon a certain supporting pillar to the extent of displacing it and causing a collapse. *Chartier v. Winslow Crane Service Company,* 142 Colo. 294, 350 P.2d 1044. In *Chartier,* there was testimony that the crane operator received an "easy pull" signal, but received no "stop" signal. In the present case, there is testimony that Hilzer gave MacDonald the signal to stop taking up the cable. Instead of stopping, MacDonald continued to take up the cable. Whether this constituted negligence under these circumstances is a matter to be determined by a jury.

█ MacDonald and Vail Village Inn contend further that there was no evidence from which the jury could infer that MacDonald's actions (assuming them to be negligent) were the proximate cause of the injury. We disagree.

In support of their position that there was no evidence to go to the jury on proximate cause, MacDonald and Vail Village Inn rely heavily on *Eby v. Neely,* 344 F.2d 482, (10th Cir.), and *Mosko v. Walton,* 144 Colo. 602, 358 P.2d 49. Their reliance upon these cases is misplaced. In *Eby* there was no evidence at all as to what caused plaintiff decedent to fall to his death. Here, the evidence is clear that the breaking of the chain caused Hilzer's

injury. In *Mosko*, this Court reversed because the evidence established no more than a "possibility" that the negligence alleged was the cause of the injury. Here, the direct and only cause of the injury was the breaking of the chain. If, in fact, the jury determines from the evidence we have detailed that MacDonald's conduct was negligent, it is within their province to determine that this negligence caused the stress on the chain to become too great and so become responsible for the break. Causal connection may be established by the circumstances, *City of Longmont v. Swearingen*, 81 Colo. 246; 254 P. 1000, and jurors are entitled to draw upon ordinary human experience as to the reasonable probabilities involved.

## II.

Hilzer argues that the doctrine of *res ipsa loquitur* should have been applied to the facts here presented. The basic conditions prerequisite to the application of the doctrine of *res ipsa loquitur* have been succinctly stated by Professor Prosser, and may be derived from Colorado case law, as follows: Before the doctrine can be applied, the event must be one which would ordinarily not occur in the absence of someone's negligence. It must be caused by an agency or instrumentality within the exclusive control of the defendant. Further, it must not have been due to any voluntary action or contribution on the part of the plaintiff. And the evidence as to the true explanation of the event must be more readily accessible to the defendant than to the plaintiff. *W. Prosser, Torts* § 39 (3d ed. 1964). See, *e.g., Zimmerman v. Franzen*, 121 Colo. 574, 220 P.2d 344; *Yellow Cab Co. v. Hodgson*, 91 Colo. 365, 14 P.2d 1081. For recent commentary on the doctrine, see *Shutt v. Kaufman's Inc.*, 165 Colo. 175, 438 P.2d 501.

In this case, Hilzer has failed to show that the instrumentality which caused the injury was within MacDonald's exclusive control. There can be no doubt that MacDonald was responsible for the operation of the winch. But he was obligated to operate the winch in re-

sponse to signals from Hilzer. The jury could possibly have inferred also that Hilzer inadvertently misdirected MacDonald. Nor can we say as a matter of law that a chain does not snap in the absence of someone's negligence. In our view, the evidence does not meet the basic conditions which are prerequisite to the application of the doctrine of *res ipsa loquitur,* and the trial court did not err in its refusal to apply the doctrine. See, *e.g., Zimmerman v. Franzen, supra; Yellow Cab Co. v. Hodgson, supra.*

### III.

As third-party plaintiffs, MacDonald and Vail Village Inn sought indemnification from Duffy Storage and Countryman. When the trial court dismissed Hilzer's complaint against MacDonald and Vail Village Inn, it also entered judgment dismissing the third-party complaint, on the ground that the success of the third-party complaint depended upon the success of Hilzer's suit. Duffy Storage and Countryman strongly contend here that they should never have been parties to this action, because the award of workmen's compensation which Hilzer had already received barred any further action against the employer. Since this cause must be remanded, brief commentary is required.

It is undisputed that Hilzer received workmen's compensation for his injuries. When an employer has brought itself within the ambit of the Workmen's Compensation Act, it is not subject to a common law action for damages, and the employee is limited to the remedies specified in the Act. *Alexander v. Morrison-Knudsen Company,* 166 Colo. 118, 444 P.2d 397. See *Hennig v. Crested Butte Anthracite Mining Co.,* 92 Colo. 459, 21 P.2d 1115. The terms of C.R.S. 1963, 81-3-2 not only limit the employer's liability to his employee, but also preclude liability to third persons for indemnification. See *Ward v. Denver & R.G.W. R. Co.,* 119 F. Supp. 112 (D. Colo.) (construing the predecessor of C.R.S. 1963, 81-3-2). See generally, Annot., 53 A.L.R.2d 977. Therefore, even

though the trial court cited the wrong reason for its order, it did not err in dismissing the third-party complaint.

The portion of the judgment dismissing the third-party complaint is affirmed, and the portion of the judgment dismissing the complaint against MacDonald and Vail Village Inn is reversed and the cause remanded for a new trial.

MR. JUSTICE KELLEY not participating.