No. 23524.

CONTINENTAL SALES CORP. *v.* DENNISON STOOKESBERRY AND
THE INDUSTRIAL COMMISSION OF COLORADO.
(459 P.2d 566)

Decided September 22, 1969.    Rehearing denied October 27, 1969.

18

WINNER, BERGE, MARTIN and CLARK, JAMES A. CLARK, for plaintiff in error.

MYRICK, BRANNEY, FRICKEY & CRISWELL, WILLIAM E. MYRICK, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

DEFENDANT in error, Stookesberry, was injured as a result of an industrial accident. At the time he was employed by Western Plywood and Lumber, Inc. but had been loaned to Continental Sales Corp. He filed his claim for workmen's compensation as an employee of Western Plywood and Lumber, Inc., and its insurer, the State Compensation Insurance Fund, paid him $2,439.60 in disability benefits and medical expenses. This award was approved by the Industrial Commission of Colorado. Thereafter, plaintiffs Stookesberry and the Industrial Commission of Colorado brought an action against the defendant Continental Sales Corp. It was alleged that plaintiff Stookesberry's injury was sustained as a result of the negligence of the defendant and that he was entitled to damages. Plaintiff Industrial Commission sought recovery of the amount paid Stookesberry by the State Fund. The parties will be referred to herein as they appeared in the trial court or by name.

Trial was to a jury, which gave the following answers to the special interrogatories submitted at the close of the case:

(1) Plaintiff Stookesberry was a loaned employee or servant of defendant;

(2) Defendant owed a duty to the loaned employee to provide reasonable safety measures and equipment and had breached this duty; and,

(3) Defendant's breach of duty was the proximate cause of Stookesberry's injuries.

The jury returned verdicts in favor of plaintiffs Stookesberry and Industrial Commission for $5,000 and $2439.60 respectively, and judgments were entered on the verdicts.

The main issue presented by this writ of error is whether the defendant was, under the facts here, a negligent third party or an employer and thus, immune to a common law action for negligence under the Workmen's Compensation Act of Colorado (see C.R.S. 1963, 81-1-1 *et seq.*)

This issue was framed in the defendant's motion for new trial. It was claimed that since the trial, evidence was secured showing that defendant had workmen's compensation insurance coverage with the State Compensation Insurance Fund. The defendant then contends that if it was covered by workmen's compensation insurance, it could not be held responsible for common law negligence damages. Evidence was presented at a hearing on this motion. The motion was denied. The trial judge made a finding that defendant had no policy of workmen's compensation insurance "until on or about May 10, 1967, over two years after the accident in question." It is noted also from the record that during the pertinent period, Stookesberry received his pay from Western Plywood and that defendant had no payroll and inferentially claimed no employees of its own.

Although the trial court specifically found that defendant had no workmen's compensation insurance at the time of the accident, defendant urges, in effect, that the evidence at the hearing on the defendant's motion for a new trial did show workmen's compensation insurance coverage and that the trial court was obviously wrong when it found no insurance. It is also contended by the defendant that the trial court erred when it additionally found, as a matter of law, that even if the defendant had a policy of workmen's compensation insurance issued by the State Compensation Insurance Fund, a division of the Industrial Commission of Colorado, one of the plaintiffs in this action, it would in no way affect the liability of the defendant to the plaintiffs' in this case.

We hold that the additional finding of the trial judge as applied to the evidence of the case is a correct statement of law, and therefore, the question of whether the evidence at the hearing on the motion for a new trial did or did not support the trial court's finding of no compensation insurance is moot.

In concluding that the defendant, even though it

might have had workmen's compensation insurance coverage, is a "third party" and therefore subject to this common law action for negligence, we hold that our Workmen's Compensation Act does not immunize the borrowing employer and that the loaning employer is solely responsible for workmen's compensation coverage. This is so unless it is shown that the loaning constitutes a new contract of hire *between the employee and the borrowing employer.* See C.R.S. 1963, 81-13-1. The evidence here does not reflect any such new contract of hire, and as we interpret the defendant's arguments, it does not contend that Western Plywood is not the employer responsible for workmen's compensation coverage. Defendant, in effect, concedes this point, but, nevertheless, claims it has a right to a new trial because it could then attempt to show coverage, which attempt, if successful, would bar this action. Defendant cites no authority to support this claim and our analysis of the pertinent provisions of our Workmen's Compensation Act and our research demonstrates this unsupported claim by the defendant is without merit.

At the outset, we cite *Jacobson v. Doan,* 136 Colo. 496, 319 P.2d 975 wherein the injured claimant having been compensated by his employer through workmen's compensation insurance was allowed to recover damages for the negligence of a defendant who had borrowed his services from the employer of the claimant. Although in that case, the precise point we are considering here was not made an issue, it, nevertheless, appears that the basic right of a claimant to recover damages for negligence against a "borrowing employer" was accepted without question by the parties and by the court.

██ C.R.S. 1963, 81-3-2, which abolishes all causes of action and all statutory and common law, rights and remedies, applies only to covered employers and covered employees. C.R.S. 1963, 81-2-7(2) defines an employee as being any person "under any contract of hire, express or implied. . . ."

C.R.S. 1963, 81-13-1 provides that the "loaning employer" shall be liable for workmen's compensation: ". . . unless it shall appear from the evidence in said case that said loaning constitutes a new contract of hire, express or implied, between the employee whose services were loaned and the person to whom he was loaned."

[8] The foregoing statutory provisions make it clear that as applied to a situation where an employee is loaned to another by his covered employer, he does not become a covered employee of the other, nor does the other become a covered employer unless a new contract of hire is made between the employee and the borrowing employer. This proposition of law is as logically sound as it is philosophically acceptable when we consider the basic purposes underlying workmen's compensation laws. The need and the purpose for such a rule is well expressed in *1A Larson's Workmen's Compensation Law § 48.10,* wherein the following pertinent language is found:

"Although the lent-servant doctrine is a familiar one at common law, and has produced some of the most venerable and most intricate cases in the law of master and servant, it is necessary to stress once more that the workmen's compensation lent-employee problem is different in one significant respect: *There can be no compensation liability in the absence of a contract of hire between the employee and the borrowing employer.* For vicarious liability purposes, the spotlight was entirely on the two employers — what they agreed, how they divided control, how they shared payment, and whose work, as between themselves, was being done. No one paid much attention to the employee or cared whether he had consented to the transfer of his allegiance, since, after all, his rights were not usually as a practical matter involved in the suit. *In compensation law, the spotlight must now be turned upon the employee, for the first question of all is: Did he make a contract of hire with the special employer? If this question cannot be answered 'yes,' the investigation is closed, and there is*

*no need to go on into tests of relative control and the like.*
"This must necessarily be so, since the employee loses certain rights along with those he gains when he strikes up a new employment relation. *Most important of all he loses the right to sue the special employer at common law for negligence; and when the question has been presented in this form, the courts have usually been vigilant in insisting upon a showing of a deliberate and informed consent by the employee before employment relation will be held a bar to common-law suit.*" (Emphasis supplied.)

A "loaned employee" and an "employee" under our Workmen's Compensation Act are not the same, and our General Assembly has not enacted any Workmen's Compensation Act provision which prohibits or limits a "loaned employee" from maintaining a negligence action against the borrowing employer. To hold otherwise, would require us to read such a limitation into our Workmen's Compensation Act. In this regard, we quote with approval from *Chartier v. Winslow,* 142 Colo. 294, 350 P.2d 1044:

"Where the provisions of the act [Workmen's Compensation Act] do not expressly limit the employee with respect to other remedies we are not disposed to read or interpret such limitations into the Workmen's Compensation statutes."

See also *Great Western Co. v. Erbes,* 148 Colo. 566, 367 P.2d 329.

In *Industrial Commission v. Standard Insurance Company,* 149 Colo. 587, 370 P.2d 156, this court held in defining the term "third party" or "third person" as referred to in C.R.S. '53, 81-13-8, now C.R.S. 1963, 81-13-8, as follows:

"The term 'third person' as there used has its usual meaning. It applies to any one incurring a common law liability for injury to workmen not immune to suit under the Act."

As stated previously, we can find no provision

of our Workmen's Compensation Act which either specifically or impliedly grants immunity from common law liability for injury to one who borrows the services of an employee from an employer who has a policy of workmen's compensation insurance. The loaning employer is the only employer whose compliance with the Workmen's Compensation Act makes him immune from a common law action for injury to the loaned employee.

Defendant's contention that plaintiffs changed their theory of the action also affords no grounds for reversal. The crux of the defendant's argument here is that the plaintiffs' action was brought on the theory that at all time relevant, plaintiff Stookesberry was in the employ of Western Plywood and Lumber, Inc. but that the defendant was permitted to amend the complaint during trial and to try the case on the "loaned employee" theory. Defendant claims he was thereby prejudiced because if he had had previous notice of this, he could have presented evidence that the defendant was covered by workmen's compensation insurance and that this would have been an effective defense on the theory that defendant was in fact the covered employer of Stookesberry. Our resolution of the main issue disposes of this contention. Futhermore, the complaint furnished the defendant complete notice of the circumstances and the occurrence which caused the injury.

Under the Colorado Rules of Civil Procedure and the great weight of authority in other jurisdictions with similar rules, the primary function of the complaint is to give notice, and theories of action are no longer significant. *Bridges v. Ingram*, 122 Colo. 501, 223 P.2d 1051. If a party states any claim and proves it by a preponderance of the evidence, he is entitled to relief, without regard to a specific theory or cause of action. *Spomer v. City of Grand Junction*, 144 Colo. 207, 355 P.2d 960.

Another error assigned by defendant is that the trial court abused its discretion in denying a continuance of the trial date. A motion for continuance is

addressed to the trial court's discretion, and unless manifest abuse of discretion is shown, the court's ruling will not be disturbed on review. We have stated this rule so long and so frequently that citations to precedent are unnecessary. The record does not reveal an abuse of discretion. We note further that defendant did not state failure to grant a continuance as a ground in its motion for new trial. This issue not being therein raised as required by our rules, the matter is not properly before this court.

Defendant's remaining assignments of error are necessarily determined adversely to it by our ruling that defendant could be sued, pursuant to C.R.S. 1963, 81-13-8(1), as a third party tort-feasor.

The judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.

MR. JUSTICE DAY concurs in the result.