## No. 27670

**Robert E. Ryan v. Centennial Race Track, Inc., a Colorado corporation, and Otis Elevator Company, a New Jersey corporation authorized to do business in Colorado**

(580 P.2d 794)

Decided June 26, 1978.

Richard B. Bauer, for plaintiff-appellant.

Sheldon, Bayer, McLean & Glasman, P.C., Ronald C. Jaynes, Gary L. Palumbo, for defendant-appellee Centennial Race Track, Inc.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, John Kezer, Assistant, Human Resources Section, intervenor on behalf of the defendant-appellee Centennial Race Track, Inc.

[No appearance entered on behalf of Otis Elevator Company.]

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an appeal from a summary judgment in a negligence action in favor of the defendant on the ground that the provisions of Colorado's Workmen's Compensation Act, section 8-40-101, *et seq.,* C.R.S. 1973, barred recovery. We affirm.

Robert A. Ryan was employed by the defendant, Centennial Race Track, Inc., in Littleton, Colorado. On August 1, 1975, he was fatally injured in an elevator accident while at work. The decedent's father, Robert E. Ryan, received a $1,000 funeral allowance but did not receive death benefits because he had not been financially dependent upon his son. Robert E. Ryan thereafter brought this action for wrongful death to recover damages for the loss of his son.

Three issues require discussion on appeal: First, is the statutory presumption that employees who fail to affirmatively reject workmen's compensation coverage thereby elect to accept coverage constitutional? Second, does the payment to the subsequent injury fund under section 8-50-111(1)(a), C.R.S. 1973, upon the death of a covered employee, constitute a taking of property? And finally, do the provisions of Colorado's Workmen's Compensation Act prohibit a decedent's father from pursuing common law remedies? We address the issues in the order stated.

## I.

■ The first allegation of error relates to the constitutionality of section 8-43-103, C.R.S. 1973,[1] which provides:

"*8-43-103. Presumption of employee's acceptance.* Every employee shall be conclusively presumed to have accepted the provisions of articles 40 to 54 of this title, if his employer is subject ot the provisions of said articles and has complied with the requirements thereof, including insurance, unless said employee has, at the time of or prior to entering into his contract of hire, expressed or implied, with such employer, given notice in writing to his employer and to the division electing not to become subject to the provisions of said articles."

The plaintiff contends that the statute violates rights under the Fourteenth Amendment to the United States Constitution and Article II, section 28 of the Colorado Constitution. We disagree.

The election privilege was afforded employers and employees under many state workmen's compensation acts to avoid early constitutional doubts concerning compulsory acts. Constitutional doubts, however, no longer persist, and both elective and compulsory acts have been sustained. *See, e.g., Ream v. Wendt,* 2 Ariz. App. 497, 410 P.2d 119 (1966); *Carbonneau v. Hoosier Engineering Co.,* 96 N.H. 240, 73 A.2d 802 (1950); *Industrial Commission v. Hammond,* 77 Colo. 414, 236 P. 1006 (1925); *Karny v. Northwestern Malleable Iron Co.,* 160 Wis. 316, 151 N.W. 786 (1915); *Deibeikis v. Link-Belt Co.,* 261 Ill. 454, 104 N.E. 211 (1914); 2A *A. Larson, Workmen's Compensation Law* §§67.10, 67.30; 1 *W. Schneider, Workmen's Compensation* §77; 81 *Am.Jur.2d, Workmen's Compensation* §§10, 39.

The constitutional validity of Colorado's conclusive presumption as to an employer's acceptance was upheld in *Industrial Commission v. Hammond, supra.* In *Hammond,* the court declared:

"Neither can defendant in error complain because, under said section 16, the act is applied to him on the presumption that he has accepted it because of his failure to file with the commission a notice of his election not to accept. The legislature might have made the statute mandatory.

---

[1] Repealed effective September 1, 1975. Colo. Sess. Laws 1975, ch. 71, §§62, 63 at 311.

Defendant in error is merely given the privilege of escaping its provisions by filing a notice."

The logic of that early opinion applies equally well to the statutory presumption of an employee's acceptance involved in this case.

■ Our legislature, through the enactment of a comprehensive workmen's compensation system, restricted the common law system of liability and substituted a system of compensation dependent solely upon the employee-employer relationship. The common law system often constituted a gamble in which an employee's recovery was dependent upon his ability to prove actionable negligence attributable to his employer. The Act was clearly intended to remove such uncertainty and benefit employees by providing recovery. The statutory scheme reveals that our legislature, while permitting the employer and the employee to elect not to participate, concluded that employees should be protected through the creation of a statutory presumption. We conclude that the statutory presumption is rationally related to the legislative purposes sought to be achieved and does not contravene any constitutional right. Since the plaintiff's son failed to reject the statutory coverage, he is conclusively presumed to have accepted such coverage.

## II.

■ The plaintiff's second allegation of error is that a taking of property occurred when payments were made to the employees' subsequent injury fund instead of to the decedent's nondependent heirs. Section 8-50-111(1)(a), C.R.S. 1973, establishes benefits to be paid upon the death of an employee who is not survived by dependents:

"*8-50-111. Death from injury-benefits.* (1) In case death proximately results from the injury, the benefits shall be in the amount and to the persons following:

"(a) If there are no dependents, compensation shall be limited to the expenses provided for medical, hospital, and funeral expense of the deceased, together with such sums as may have accrued or been paid to the deceased during his lifetime for disability, and any amount or payment which is due the subsequent injury fund under section 8-51-106."

These provisions, except to the extent of medical, hospital, and funeral expenses, make compensation for an employee's death relate directly to dependency. *See London Guarantee & Accident Co. v. Industrial Commission,* 78 Colo. 478, 242 P. 680 (1925).

The constitutionality of subsequent injury funds is well-established. 2 *A. Larson, Workmen's Compensation Law* §59.31, n. 51; 81 *Am.Jur.2d, Workmen's Compensation* §23. Similarly, provisions which deny nondependent parents compensation for the death of a minor employee have been consistently upheld by a number of courts. *Slagle v. Reynolds Metals Co.,* 344 So.2d 1216 (Ala. 1977); *Mullarkey v. Florida Feed Mills, Inc.,* 268 So.2d 363 (Fla. 1972), *appeal dismissed*

*for want of a substantial federal question,* 411 U.S. 944, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973); *Gaston v. San Ore Construction Co.,* 206 Kan. 254, 477 P.2d 956 (1970). In *Mullarkey v. Florida Feed Mills, Inc., supra,* the court held that the dependency requirement was rationally related to the purposes of the Workmen's Compensation Act. Since workmen's compensation recovery, unlike tort recovery, is directly related to the loss of an employee's earning capacity and support for those financially dependent upon the deceased employee, the court held that those not financially supported by a deceased employee suffer no compensable loss with his death.

The thrust of the plaintiff's argument is that, if any payment is to be made as a result of an employee's death, it should be made to the employee's heirs and not to the subsequent injury fund. The plaintiff incorrectly assumes that absent payment to the subsequent injury fund a deceased employee's nondependent heirs would be entitled to compensation. As noted above, however, the legislature can legitimately deny nondependent heirs benefits upon the death of an employee. The fact that payments in such cases are made to the subsequent injury fund, therefore, does not deprive nondependent heirs of property.

## III.

The final issue on appeal concerns the exclusivity of the remedy provided by the Workmen's Compensation Act. Section 8-42-102, C.R.S. 1973, provides that an employer who complies with the provisions of articles 40 to 54 of title 8 shall not be:

"[S]ubject to any other liability for the death of or personal injury to any employee, except as provided in said articles; and all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of such death of or a personal injury to any such employee and accruing to any person are abolished except as provided in said articles."

The record establishes that the plaintiff relies upon the provisions of sections 8-42-202 and 203, C.R.S. 1973, of the Employer's Liability Act, as remedies provided in the articles.

We need not examine the substance of the provisions of the Employer's Liability Act, since they were not enacted as part of Colorado's Workmen's Compensation Act, section 8-40-101, *et seq.,* C.R.S. 1973, although they appear as Part 2 of Article 42. The revisor of statutes erred in compiling the 1973 statutory revision by inserting the Employer's Liability Act[2] into the Workmen's Compensation Act.[3] The error has been corrected, and an "Editor's note" printed in the 1977 statutory supplement:

---

[2] Formerly C.R.S. 1963, 80-5-1, *et seq.,* now section 8-2-201, *et seq.,* C.R.S. 1973 (1977 Supp.).

[3] Formerly C.R.S. 1963, 81-1-1, *et seq.,* now section 8-40-101, *et seq.,* C.R.S. 1973 (1977 Supp.).

"Editor's note: This part 2 has been reprinted as a part of article 2 of this title to correct an editorial error in the preparation and publishing of C.R.S. 1973, which caused this part 2 to be included under this article of the Workmen's Compensation Act. This part 2 was never enacted by the General Assembly as a part of the 'Workmen's Compensation Act of Colorado' (*see* 8-40-101)."

The plaintiff, therefore, cannot rely upon the provisions of the Employer's Liability Act as providing a remedy excepted from abolition in section 8-42-102, C.R.S. 1973. The trial court correctly held that the plaintiff's action is barred by the exclusive remedies provided by the Workmen's Compensation Act.

Accordingly, the judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE LEE, and MR. JUSTICE CARRIGAN do not participate.