**Ray KEEFE and Paula Keefe,
Plaintiffs–Appellants,**

**v.**

**PIZZA HUT OF AMERICA, INC., a Delaware corporation, Orson Thomas and Ronald Pulda, Defendants–Appellees.**

**No. 91CA2005.**

Colorado Court of Appeals,
Div. V.

Jan. 28, 1993.

Rehearing Denied March 18, 1993.

Certiorari Granted March 7, 1994.

James D. King & Associates, P.C., James F. Scherer, Denver, for plaintiffs-appellants.

Fortune & Lawritson, P.C., Lowell Fortune, Gary L. McPherson, Denver, for defendants-appellees.

Opinion by Judge HUME.

Ray and Paula Keefe appeal from the summary judgment denying their claims against Paula Keefe's employer, Pizza Hut of America, Inc., and two co-employees, for the wrongful death of their child from prenatal injuries allegedly caused by the mother's employment. The Keefes contend that the trial court erred in ruling that their wrongful death claims were barred by § 8–41–102, C.R.S. (1992 Cum.Supp.), the exclusive remedy provision of the Workers' Compensation Act (Act). We reverse the judgment and remand for further proceedings.

Paula Keefe was employed by Pizza Hut from August 1990 to March 1991. She learned she was pregnant in August 1990. In October of that year, her doctor imposed work restrictions because of medical complications in the pregnancy. The Keefes alleged that Pizza Hut was advised of these restrictions but that, through the individual defendants, the employer coerced her into exceeding those limitations. They further alleged that, as a result of the employer's actions, their child was born three months prematurely and died ten days later.

The Keefes brought this action seeking damages for the wrongful death of their child under § 13–21–202, C.R.S. (1987 Repl.Vol. 6A). They also sought damages for emotional distress under an outrageous conduct theory. The trial court entered summary judgment in favor of defendants on all claims, ruling that they were barred by the exclusive remedy provision of the Act. In this appeal, the Keefes challenge only that portion of the judgment denying their wrongful death claim.

We agree with the Keefes that the exclusive remedy provision of the Act does not bar their claim for the wrongful death of their child.

Section 8–41–102 of the Act provides that an employer who has complied with the Act shall not be subject:

> to any other liability for the death of or personal injury to any employee, except as provided in [the Act]; and all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of such death of or personal injury to any such employee and accruing to any person are abolished except as provided in [the Act].

Under § 8–41–102, the Act is an employee's exclusive remedy against his or her employer for the employee's work-related injuries. See *Triad Painting Co. v. Blair*, 812 P.2d 638 (Colo.1991). An employee's claims against co-employees for acts in the course of their employment are also barred. See *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982).

■ Not only are an injured employee's claims barred by the exclusive remedy provisions of the Act, claims that are derivative of, or "for and on account of," the employee's injury are also barred. Accordingly, a loss of consortium claim by an injured employee's spouse is barred, *Alexander v. Morrison–Knudsen Co.*, 166 Colo. 118, 444 P.2d 397 (1968), *cert. denied*, 393 U.S. 1063, 89 S.Ct. 715, 21 L.Ed.2d 706 (1969); *Rodriquez v. Nurseries, Inc.*, 815 P.2d 1006 (Colo.App. 1991), as is a surviving relative's claim under § 13–21–202 for the wrongful death of an employee. *Ryan v. Centennial Race Track, Inc.*, 196 Colo. 30, 580 P.2d 794 (1978). The exclusive remedy provision of the Act also bars contribution and indemnity claims against the employer by third parties who are liable to the injured employee. *Williams v. White Mountain Construction Co.*, 749 P.2d 423 (Colo.1988); *Hilzer v. MacDonald*, 169 Colo. 230, 454 P.2d 928 (1969).

Here, however, the wrongful death claim is not derivative of an injury to an employee, but rather, that claim is derived from an injury to a third party, the employee's child. The plain language of § 8–41–102 bars only claims for death or personal injury of employees and claims "for and on account of" such death or personal injury.

■ Section 8–41–102 would not bar a claim against an employer by an employee's child for injuries sustained while visiting the employee at the workplace because there would be no injury to the employee. *See Thompson v. Pizza Hut of America, Inc.*, 767 F.Supp. 916 (N.D.Ill.1991); *Bell v. Macy's California*, 212 Cal.App.3d 1442, 261 Cal. Rptr. 447 (1989); *Cushing v. Time Saver Stores, Inc.*, 552 So.2d 730 (La.App.1989), *cert. denied*, 556 So.2d 1281 (La.1990).

Nor, for the same reason, would it bar an employee's claim for the wrongful death of a child while visiting the employee at the workplace. *See Adams v. Denny's, Inc.*, 464 So.2d 876 (La.App.), *cert. denied*, 467 So.2d 530 (La.1985).

■ An employee's claim against an employer for the wrongful death of a child is not barred because it is not "for and on account of" the personal injury or death of an employee. Rather, it is for and on account of the death of the employee's child.

■ Here, it makes no difference that the injury was sustained before the child's birth. Colorado, like virtually all other jurisdictions, has recognized a child's right to recover for prenatal injuries. *See Empire Casualty Co. v. St. Paul Fire & Marine Insurance Co.*, 764 P.2d 1191, 1196 (Colo.1988) (child's claim for injury sustained before birth is properly analyzed as an "ordinary prenatal injury tort"); *See also Espadero v. Feld*, 649 F.Supp. 1480 (D.Colo.1986); *Womack v. Buchhorn*, 384 Mich. 718, 187 N.W.2d 218 (1971); Restatement (Second) of Torts § 869 (1979); W. Prosser, *Torts* § 55 (5th ed. 1984); Annot., 40 A.L.R.3d 1222 (1971). And, if a child dies after birth as a result of prenatal injuries, a surviving parent may bring a wrongful death claim. *See Callaham v. Slavsky*, 153 Colo. 291, 385 P.2d 674 (1963). Such a wrongful death claim is derived from the child's injuries, not the mother's.

■ The Keefes' wrongful death claims derive from the injuries and death of their child, a non-employee, not from an injury to the mother. We therefore conclude that the Keefes' claims for the wrongful death of their child are not barred by the exclusive remedy provision of the Workers' Compensation Act.

We are not persuaded by the reasoning of *Bell v. Macy's California, supra*, on which defendants rely. *See* 2A A. Larson, *Workmen's Compensation Law* §§ 66.21 and 66.30 (1991 Cum.Supp.). We find the decisions from other jurisdictions relied on by the Keefes to be more persuasive. *See Thompson v. Pizza Hut, Inc., supra; Cushing v. Time Saver Stores, Inc., supra; Witty v. American General Capitol Distributors, Inc.*, 697 S.W.2d 636 (Tex.App.1985), *rev'd on other grounds*, 727 S.W.2d 503 (Tex.1987). *See also Adams v. Denny's, Inc., supra.*

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

STERNBERG, C.J., concurs.

JONES, J., dissents.

Judge JONES dissenting.

I respectfully dissent.

I believe the majority opinion is incorrect in its determination that a fetus *in utero* is separable from its mother concerning an injury to the fetus which derives from the mother's employment. I agree with the holding of *Bell v. Macy's California,* 212 Cal.App.3d 1442, 261 Cal.Rptr. 447 (1989), that, under circumstances such as in this case, the employer is shielded from any claim by statutory immunity.

Here, because any fetal injury was derivative of a compensable injury to the employee, any claim for injuries to the child are barred by the exclusive provisions of § 8–41–102, C.R.S. (1992 Cum.Supp.).

Thus, I would affirm the judgment of the trial court.