**PIZZA HUT OF AMERICA, INC.;**
**Orson Thomas; and Ronald**
**Pulda, Petitioners,**

v.

**Ray KEEFE and Paula**
**Keefe, Respondents.**

No. 93SC251.

Supreme Court of Colorado,
En Banc.

June 30, 1995.

Rehearing Denied Aug. 21, 1995.

Fortune Law Firm, P.C., Lowell Fortune, Denver, for petitioners.

James D. King & Associates, P.C., James F. Scherer, Denver, for respondents.

Turner and Meiklejohn, P.C., Scott A. Meiklejohn, Denver, for amicus curiae Colorado Trial Lawyers Ass'n.

Justice SCOTT delivered the Opinion of the Court.

The respondents Ray and Paula Keefe brought this action against Pizza Hut of America, Inc., Orson Thomas and Ronald Pulda (collectively "petitioners" or "Pizza Hut"), seeking damages for the wrongful death of their child, Shanae Keefe. The trial court ruled that the damage claims were

barred by the exclusive remedy provision of the Colorado Workers' Compensation Act, section 8–41–102, 3B C.R.S. (1994 Supp.) (the "Act"). The court of appeals held that the exclusive remedy provision did not apply to the wrongful death claim because the wrongful death of the child was not "for and on account of" the personal injury of the employee, and the judgment was reversed and cause remanded with directions.

■ We granted certiorari to determine whether the exclusive remedy provision of the Act bars a tort claim against an employer for prenatal injury occurring in the workplace.[1] Because we find that a non-employee child who suffered prenatal injuries as the result of the negligence of the mother's employer is not limited to remedies available under our workers' compensation law, we affirm the judgment of the court of appeals.

## I

Paula Keefe was employed by Pizza Hut from August 1990 to March 1991 as an assistant manager. Orson Thomas and Ronald Pulda were Paula Keefe's supervisors. Paula Keefe learned she was pregnant in August 1990 and in October 1990 she began suffering medical complications related to her pregnancy. In response to these complications, her treating physician imposed a series of work restrictions, limiting her hours of work and the types of tasks she was allowed to perform. Despite those and other medical precautions, her daughter Shanae Keefe, was born three months prematurely and died ten days later of medical complications arising from her premature birth. The Keefes claim that Pizza Hut coerced Paula to work hours and perform tasks in violation of her medical work restrictions, resulting in Shanae's premature birth and subsequent death.

On April 18, 1991, respondents brought a wrongful death action against Pizza Hut, Orson Thomas and Ronald Pulda in the District Court for the City and County of Denver under section 13–21–202, 6A C.R.S. (1987).[2] In their complaint respondents alleged that Pizza Hut coerced Paula to perform her normal work despite knowing about her medical restrictions. Respondents claimed damages for the premature birth and subsequent death of their child. In addition, respondents sought personal damages for emotional distress under an outrageous conduct theory. The complaint alleged that the mother sustained "bodily injury of a severe and permanent nature" because of the employer's wrongful conduct.

Pizza Hut filed a motion for summary judgment claiming that the Keefes' wrongful death action was barred by the exclusivity provisions of the Act. The trial court awarded summary judgment to Pizza Hut on all counts, concluding that Pizza Hut was immune from liability under the Act.

The court of appeals reversed the judgment of the trial court in *Keefe v. Pizza Hut of America, Inc.*, 868 P.2d 1092 (Colo.App. 1993) (not selected for publication), and remanded the case to the trial court with directions. The court of appeals found that the workers' compensation statute by its terms did not operate to bar a tort claim against an employer for the wrongful death of an employee's child. The court of appeals reasoned that "section 8–41–102 would not bar a claim against an employer by an employee's child for injuries sustained while visiting the employee at the workplace because there would be no injury to the employee." *Id.* 868 P.2d at 1094. For similar reasons, the court of appeals found that the exclusive remedy provision would not bar an employee's claim for the death of a child visiting the work-

1. Our order granting certiorari set forth the following question for review: "Does the exclusive remedy provision of the Colorado Workers' Compensation Act bar a tort claim against an employer for prenatal injury occurring in the workplace?"

2. Section 13–21–202 provides in relevant part: **Action notwithstanding death.** When the death of a person is caused by a wrongful act,

neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured.

place, reasoning that a wrongful death claim is not "for and on account of" the personal injury or death of the employee, but rather is for and on account of the child's death. *Id.* at 1094. Finding that the wrongful death claim derived from the injuries and death of a non-employee, the Keefes' child, and not an injury to Paula Keefe, the employee the court of appeals concluded that the claim was not barred by the exclusive remedy provision. *Id.*

Because the child died after birth, leaving the parents with a wrongful death claim separate and distinct from any claim a parent may have for personal injuries, we affirm the judgment of the court of appeals.

## II

It is well-settled in Colorado that an injured worker's exclusive remedy for injuries that arise out of or in the course of employment and are proximately caused by the employment is recovery under the workers' compensation statute, section 8–41–102, 3B C.R.S. (1994 Supp.), which reads as follows:

> **Liability of employer complying.** An employer who has complied with the provisions of [the Colorado Worker's Compensation Act], including the provisions relating to insurance, shall not be subject to the provisions of section 8–41–101 [abrogating defenses of assumption of the risk and negligence of employee of fellow servant]; nor shall such employer or the insurance carrier, if any, insuring the employer's liability under said articles be subject to any other liability for the death of or personal injury to any employee, except as provided in said articles; and all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies *for and on account of such death or personal injury to any such employee* and accruing to any person are abolished except as provided in said articles.

(Emphasis added.) The exclusivity provision effectively abolishes all claims accruing to any person on account of injury to an employee. *See Triad Painting Co. v. Blair,* 812 P.2d 638 (Colo.1991); *Continental Sales Corp. v. Stookesberry,* 170 Colo. 16, 459 P.2d 566 (1969). Where the statutory bar applies,

it constitutes a complete defense to civil tort liability of an employer.

Under the exclusive remedy provision of the Act, certain injuries or damages sustained by non-employees are barred if they "derive from" the injury to the employee. This principle, known as the derivative-injury doctrine, is based upon the language in the statute barring claims "for and on account of" death of or personal injury to an employee and "accruing to any person." Under the derivative-injury doctrine, a non-employee's claims may be barred even though the workers' compensation law provides no substitute remedy to the injured non-employee, as it does to the injured employee. *See Bell v. Macy's California,* 212 Cal.App.3d 1442, 261 Cal.Rptr. 447, 455 n. 7 (1989).

We have previously applied the derivative-injury doctrine to bar recovery by certain non-employees. For example, a wrongful death action brought against an employer by an employee's heirs, based upon the death of an employee which occurred in the course and scope of the employee's employment, is barred by the statute, since such an action is for and on account of the death of an employee. *See Ryan v. Centennial Race Track, Inc.,* 196 Colo. 30, 35, 580 P.2d 794, 797 (1978). Similarly, the exclusive remedy provision of the Act bars contribution and indemnity claims against an employer by third parties who are liable to an injured employee, as these claims also arise out of the death of or personal injury to an employee. *See Williams v. White Mountain Constr. Co. Inc.,* 749 P.2d 423, 428 (Colo. 1988); *Hilzer v. MacDonald,* 169 Colo. 230, 237, 454 P.2d 928, 931–32 (1969). The derivative-injury doctrine also precludes civil actions by an employee's spouse against an employer for loss of consortium arising out of personal injuries suffered by the employee in the course of his or her employment. The rationale of such preclusion is that the spouse's rights in such cases are strictly derivative of, and arise out of, the personal injury suffered by the employee. *See Alexander v. Morrison–Knudsen Co.,* 166 Colo. 118, 124, 444 P.2d 397, 400 (1968), *cert. denied,* 393 U.S. 1063, 89 S.Ct. 715, 21 L.Ed.2d

706 (1969); *Rodriquez v. Nurseries, Inc.*, 815 P.2d 1006 (Colo.App.1991).

■ The exclusive remedy statute by its terms does not apply, however, to the civil tort liability of employers for negligence or wrongful acts resulting in injury or death to persons not employed when the non-employee's claims do not derive from the injury to the employee. Thus, we must determine whether the injuries and the subsequent death of Shanae Keefe derived from an injury to her mother.

■ Colorado, like other jurisdictions, recognizes a child's right to bring a cause of action for prenatal injuries. *See Empire Casualty Co. v. St. Paul Fire and Marine Ins. Co.*, 764 P.2d 1191, 1196 (Colo.1988); *see generally* Restatement (Second) of Torts § 869 (1979); William L. Prosser, *Torts* § 55 (5th ed. 1984); Roland F. Chase, Annotation, *Liability for Prenatal Injuries*, 40 A.L.R.3d 1222 (1971). If a child dies after birth as a result of prenatal injuries, a surviving parent may bring a wrongful death claim derived from the child's injuries. *See Callaham v. Slavsky*, 153 Colo. 291, 385 P.2d 674 (1963); Prosser § 55. Thus, for purposes of our analysis, it makes no difference that Shanae Keefe's injuries were sustained before her birth.[3]

■ We also find that there is no difference, for the purpose of determining the applicability of the exclusive remedy statute, between an action for prenatal injury to an employee's child, and a wrongful death action for prenatal injury to an employee's child which results in the child's death. Therefore, the issue under consideration here is whether the Keefes' daughter would have had a right of action against Pizza Hut for her injuries had she survived those injuries.

■ The petitioners contend that since the mother also claimed an injury in this case, it follows that immunity is grounded upon the employee mother's injury in the workplace. We conclude, however, that regardless of whether the mother was injured, the injury to the child was separate and distinct and subjects the employer to separate liability. In this case, the child's right of action arises out of and on account of her own personal injuries, and not any personal injury suffered by the mother. The mother and child happened to be injured at the same time—the fact that the mother may have been injured, however, is not a bar to tort recovery for the child or a basis for limiting the child's recovery to the workers' compensation law. The exclusivity provisions do not constitute a bar to a claim asserted by a third-party victim, even though both the employee and the victim were injured together as a result of the same negligent act in a single transaction.

■ Legally, the child, when born, stands in the same position as any other non-employee member of the public. Civil actions for recovery of damages for personal injuries to non-employees whose injuries are not derivative of an employee's injuries, including non-employee children of employees, are not affected by the language of section 8–41–102. For example, section 8–41–102 would not bar a claim against an employer by an employee's child or any other non-employee for injuries sustained while visiting the employee at the workplace, because there would be no injury to the employee. *See Thompson v. Pizza Hut of America, Inc.*, 767 F.Supp. 916, 918 (N.D.Ill.1991); *Bell*, 261 Cal.Rptr. at 453 (1989); *Cushing v. Time Saver Stores, Inc.*, 552 So.2d 730, 732 (La. App.1989), *cert. denied*, 556 So.2d 1281 (La. 1990). It follows that section 8–41–102 does not bar a claim by a non-employee child who sustained prenatal injuries at the workplace. While we agree with the petitioners that the underlying policy of the exclusivity provisions of the Act is to provide a no-fault system of compensation which limits the employer's overall liability, we note that the Act does not alter the employer's liability to non-employees so injured as the result of the employer's

---

**3.** Pizza Hut contends that a fetus *in utero* is inseparable from its mother and any injury to the child therefore can only occur as the result of some injury to the mother. The facts of this case do not require us, however, to answer today the difficult question of whether a fetus is a separate and distinct person from the mother, since in this case, the baby was in fact born and hence was at the time of her death a separate person.

negligence. Accordingly, we conclude that the exclusionary language of section 8–41–102 does not apply to Shanae Keefe.[4]

### III

The Keefes' wrongful death claim was brought pursuant to the provisions of section 13–21–202, 6A C.R.S. (1987). Section 13–21–201 transfers the cause of action created by section 13–21–202 to the decedent's heirs, who in this case are the decedent's parents. The cause of action created by this statute arises out of tortious acts which injured the decedent and resulted in the decedent's death; the survivors' right of action is derivative of and dependent upon the right of action which the decedent would have had, had she survived her injuries. The derivative nature of the wrongful death action here places it outside the parameters of the exclusionary language contained in section 8–41–102, because the claim against the employer is not derivative of any personal injury to the employee mother herself, but rather is derived from, and based upon, an injury to the employee's child. Thus, the Keefes are not barred from bringing suit against Pizza Hut on their daughter's behalf. Accordingly, we affirm the judgment of the court of appeals.

ROVIRA, C.J., dissents, and ERICKSON and VOLLACK, JJ., join in the dissent.

Chief Justice ROVIRA, dissenting:

The majority holds that the injuries and subsequent death of Shanae Keefe did not derive from an injury to her mother. Its holding is based on the premise that "regardless of whether the mother was injured, the injury to the child was separate and distinct from the mother's injuries and subjects the employer to separate liability." Maj. op. at 101. Because I believe the majority improperly dissociates Shanae's injuries from their source, I respectfully dissent.

While I agree that a child has a cause of action for *in utero* injuries, I disagree with the majority's conclusion that Shanae Keefe's injuries sustained while *in utero* can be divorced from the injuries sustained by her mother which provide the entire basis for this action. Though the majority recognizes the well settled derivative-injury principles in the context of workers' compensation, it fails to properly incorporate them into its analysis.

As pertinent here the Workers' Compensation Act of Colorado (Act) provides coverage for:

> [A]ll causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies *for and on account of* such death or personal injury to any such employee and accruing to *any person* .... § 8–41–102, 3B C.R.S. (1994 Supp.)

(Emphasis added.)

The plain language of the statute indicates its exclusivity for all causes of action that accrue on account of an injury to an employ-

---

4. Our holding is consistent with a majority of other jurisdictions which have addressed this issue. *See, e.g., Thompson,* 767 F.Supp. at 918–19 ("to have status to bring the cause of action it makes no difference whether or not the fetus is viable at the time the injury occurs"); *Namislo v. Akzo Chemicals, Inc.,* 620 So.2d 573, 575 (Ala. 1993) (exclusivity provisions of Workers' Compensation Act did not bar personal injury action of employee's daughter against employer for injuries daughter claimed to have sustained *in utero* as a result of employer's negligence); *Cushing,* 552 So.2d at 732 (a child who sustains injuries while *in utero* "is entitled to assert a cause of action in tort against his mother's employer in the same way that a child already born, who was injured on the mother's job site, could assert such a claim"); *Womack v. Buchhorn,* 384 Mich. 718, 187 N.W.2d 218, 222 (1971) (common law negligence action can be brought on behalf of a surviving child negligently injured during the fourth month of pregnancy); *Witty v. American General Capital Distributors, Inc.,* 697 S.W.2d 636, 641 (Tex.App.1985) (Texas Worker's Compensation Act does not bar a claim asserted by a third-party victim, including an unborn fetus, even though both the employee and the victim were injured together as the result of the same negligent act of the employer), *rev'd on other grounds,* 727 S.W.2d 503 (Tex.1987). *But see Bell,* 261 Cal.Rptr. at 454 (fetus *in utero* is inseparable from its mother, and any injury to it can only occur as a result of some condition affecting its mother). Although the workers' compensation exclusive remedy statutes from other jurisdictions are not always worded in precisely the same way as the Colorado statute, the analysis applied in those cases typically does not turn on the exact language of the statute, but rather depends on the scope of the derivative-injury doctrine. The appellate decisions of other states are therefore helpful.

ee. *E.g.*, *Williams v. White Mountain Const. Co.*, 749 P.2d 423, 425 (Colo.1988) (the Act is meant to be the exclusive remedy for all work-related injuries).

Under the derivative-injury doctrine, no cause of action exists for any party who sustains injury as a direct result of an employee's work-related injury. *See, e.g., Alexander v. Morrison-Knudsen*, 166 Colo. 118, 444 P.2d 397 (1968) (when the claim of an employee's dependent derives from the injury to the employee, the injuries are covered by the Act), *cert. denied*, 393 U.S. 1063, 89 S.Ct. 715, 21 L.Ed.2d 706 (1969). For instance, there is no cause of action for surviving heirs of an employee killed during the course and scope of employment, even though the heirs sustain their own distinct injuries. *Ryan v. Centennial Race Track, Inc.*, 196 Colo. 30, 35, 580 P.2d 794, 796–97 (1978). Similarly, no cause of action exists for loss of consortium based on a work-related injury, even though loss of consortium is an injury recognized apart from the injured spouse. *Alexander*, 166 Colo. at 124, 444 P.2d at 400. These injuries, though "separate and distinct" from the injury to the worker, are nevertheless covered by the Act because they derive from or are "on account of such death or personal injury to any such employee." § 8–41–102, 3B C.R.S. (1994 Supp.). Thus, the question in a derivative-injury action is not whether the third party sustained a "separate and distinct" injury, but rather, whether the third party's injury derived from a work-related source.

Throughout these proceedings Paula Keefe has claimed that she was coerced into performing work in excess of that permitted by her doctor, and that as a result she sustained bodily injury of a severe and permanent nature. She and her husband also allege that as a result of the defendant's conduct the child was born prematurely and died. The majority concludes that "it makes no [analytical] difference that Shanae Keefe's injuries were sustained before her birth." Maj. op. at 101. Though I agree that viability is not determinative of whether a cause of action

exists, the fetal status is relevant to whether the injuries are derivative.[1] Injuries sustained *in utero* are by definition injuries sustained while the fetus is in the womb. *Stedman's Medical Dictionary*, at 798 (25th ed. 1990). While *in utero* the fetus is inseparable from its mother. *See Bell v. Macy's California*, 212 Cal.App.3d 1442, 261 Cal. Rptr. 447 (1989). Indeed, I can think of no situation where third-party injuries derive more directly from the employee's injury than injuries sustained by a fetus while *in utero*. Because Shanae Keefe was injured "on account of" her mother's work-related injuries, her injuries are covered by the Act.

Examination of the complaint reveals the derivative nature of Shanae's injuries. It contains no allegation of direct injury to Shanae, but rather claims her injuries occurred as a result of her mother's treatment. Paragraph 12 alleges that "[d]espite the medical work restrictions imposed on Mrs. Keefe by her treating physicians, the Defendants *compelled Mrs. Keefe to work* on a full-time schedule, and to otherwise violate the medical work restrictions which had been imposed." (Emphasis supplied.) Paragraph 13 continues "that the death of Shanae Keefe was a proximate result of the negligence and wrongful acts of the Defendants, and their employees and agents." Paragraph 14 then states that such wrongful conduct included, but was not limited to, "Defendant's failure to conform Mrs. Keefe's work schedule and job duties to the medical requirements which were communicated to them by Mrs. Keefe's treating physicians, and their failure to formulate and implement an adequate medical disability policy." According to the complaint, Mrs. Keefe's work-related injuries caused premature delivery and ultimately resulted in Shanae's death.

I also disagree with the majority's conclusion that Shanae's injuries are analogous to injuries that may be sustained by a child when visiting a parent at the workplace. Any such injury does not necessarily occur as a result of an injury to the employee. Indeed, the parent may not be present when

---

1. The majority dismissed the fact that the injuries were sustained before the baby's birth by relying on the fact that in this particular case the baby was born alive. Maj. op. at 101 n. 3. I believe this conclusion ignores the Act's coverage of injuries that *accrue* in the workplace.

the child is injured. Here, however, Shanae's injuries occurred solely as a result of her mother's work-related injuries. There was no negligent treatment of Shanae independent of the harm inflicted upon her mother.

Further, an employer's relationship to the unborn children of its employees differs from its relationship to typical non-employees. While employers have the option to reduce their risk of liability to third persons by restricting access to the workplace, when a pregnant employee is involved such restrictions are generally unavailable. *See International Union, UAW v. Johnson Controls, Inc.,* 499 U.S. 187, 111 S.Ct. 1196, 113 L.Ed.2d 158 (1991) (striking a fetal protection policy in a battery manufacturing plant).[2] Under the majority's broad holding an injured fetus has a cause of action for any work-related injury regardless of whether the injury pertained to the pregnancy.[3] Thus, an employer is effectively subject to two standards of liability in the workplace over which the employer has no control, at a time when injury to the employee carries with it the high likelihood that injury to the fetus will also occur. *See Bell,* 261 Cal.Rptr. at 455 (considering the policy implications of allowing independent tort actions for *in utero* injuries sustained by a fetus while in the workplace, including the possibility of "financially driven discrimination by liability conscious employers"). In my view the court's holding today only increases the tension between workers' compensation law, tort law and employment discrimination law. *See* Susan S. Grover, *The Employer's Fetal Injury Quandary after Johnson Controls,* 81 Ky. L.J. 639 (1992–93).

Because I conclude Shanae Keefe's injuries derived from her mother's work-related injuries and are covered by the Act, I dissent.

---

**2.** In *Johnson Controls* the Court struck a fetal protection policy based on its discrimination against women. There, the Court explained that "[i]t is no more appropriate for the courts than it is for individual employers to decide whether a woman's reproductive role is more important to herself and her family than her economic role." *Id.* 499 U.S. at 194–95, 111 S.Ct. at 1201. While I agree that the decision to work while pregnant is personal to the woman, I believe that along with this autonomy must go an acknowledgment

I am authorized to say that Justice ERICKSON and Justice VOLLACK join in this dissent.

---

that certain work-related risks of fetal injury exist.

**3.** While Paula Keefe's claims related to her pregnant status, and thus the harm to Shanae is traceable to the claimed mistreatment of her mother, future cases may involve simple work-related injuries that bear no relationship to the pregnancy but result in harm equally as devastating to the fetus.