No. 17,426.

MILLER *v*. PUBLIC SERVICE COMPANY OF COLORADO ET AL.
(272 P. [2d] 283)

Decided June 14, 1954.   Rehearing denied July 19, 1954.

Mr. Jacob L. Sherman, Mr. Harry A. Feder, Mr. Milton Morris, for complainant.

Messrs. LEE, BRYANS, KELLY & STANSFIELD, Mr. FRED
M. WINNER, Mr. WILLIAM W. GAUNT, for respondents.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the
Court.

THE principal question here presented is that of the
right of the Public Service Company of Colorado, a util-
ity corporation, to proceed under the Eminent Domain
Statute, as amended.

December 14, 1953, the utility company filed its peti-
tion in eminent domain in the District Court of Adams
county, seeking to condemn 91.53 acres of land situated
at 62nd and York streets in Adams county for the pur-
pose of constructing a new electric generating plant in
order to meet the present and future requirements for
service of electric power to its customers. It further is
alleged in the petition that the premises are presently
devoted to agricultural purposes and not to any public
use and that the company had been unable to reach an
agreement with the property owner, herein called res-
pondent, with respect to compensation for the property;
and further that it was proceeding under the authority
of section 52, chapter 61, '35 C.S.A., as amended in 1952,
effective after December 15, 1952. The respondent prop-
erty owner filed five motions to this petition, namely,
motion to determine necessity, motion for judicial ascer-
tainment of public use, request for jury trial, motion to
dismiss and an additional motion to dismiss.

The motion to determine necessity was for the ap-
pointment of a commission to determine such necessity.
The motion for judicial ascertainment for public use was
to the effect that the court make a judicial ascertainment
as to the public use of the land described in the petition;
the two motions to dismiss were on the grounds that the
petition did not state a claim upon which relief could be

granted; that the sections of the statutes, supra, relied upon, are unconstitutional; and finally, that the district court was without jurisdiction over the person and the subject matter of the action.

The two motions to dismiss were argued and denied and on the motion for judicial ascertainment for public use the court made a finding that the property sought to be condemned was for a public use.

Respondent, having obtained a stay of execution in all proceedings, filed her complaint in our Court under Rule 116, R.C.P. Colo., for a review of the orders of the trial court and for an order against the trial court and petitioner to show cause why the relief requested in the petition should not be allowed. Our Court on April 22, 1954, issued its rule to show cause and entered a stay of execution. Answer and return having been filed, the matter is at issue and petitioner presents the following contentions as reasons for reversal or to make the rule absolute, namely:

1. That it is not alleged in the petition that the utility company had a certificate of necessity and permission from the Public Utilities Commission to construct a new electric generating plant.

2. That there is no allegation that the proposed plant and location had been approved by the Planning Commission of Adams County.

3. That sec. 52, c. 61, '35 C.S.A., as amended, is unconstitutional because of class legislation and is contrary to Article V, sec. 25 of the Colorado Constitution and of the Fourteenth Amendment to the federal Constitution, and as amended violates Article II, section 14 of the Colorado State Constitution.

4. That the land sought to be condemned is now devoted to public use and cannot be taken for another public use without showing greater need or necessity.

It further is contended by respondent, now petitioner in the present proceedings, that the obtaining of a certificate of necessity from the Public Utilities Commis-

sion is a prerequisite to a condemnation proceeding as well as the obtaining of permission for construction and location by the proper authority of Adams county.

From our study and consideration of the contentions of petitioner, respondent below, it appears that such are in conflict with the well-settled law of eminent domain in this state.

██ ██ On the question of it being necessary to first obtain a certificate of public convenience and necessity before seeking condemnation, the statute apparently relied upon, section 36, chapter 137, '35 C.S.A., does not contain such requirement. The pertinent part of the statute is, "No public utility shall henceforth begin the *construction of a new facility,* plant or system, or of any extension of its facility, plant or system, without first having obtained from the commission a certificate * * *." (Emphasis supplied). Thus it appears that such certificate is not necessary for the purposes of condemnation and relates solely to the question of use after the property has been acquired by condemnation. It is difficult to conceive how the utility could logically proceed in obtaining the certificate of convenience and necessity as to the particular land or property involved before it had acquired the right to use the land or obtained title thereto by condemnation. The so-called certificate is only a permit or license to use and enjoy land that has been condemned; it is not a condition precedent to the right to condemn; and has no relationship whatever with the matter of condemnation. This being true, such an allegation of which complaint is made, here, is not necessary.

██ In the matter of the necessity of the approval of the Planning Commission of Adams county, the jurisdiction of Colorado courts over eminent domain proceedings is not affected by the lack of such an allegation in the petition for condemnation that such approval has been obtained, and it is not necessary as a condition precedent to eminent domain. However, in this instance,

it is shown by respondent-petitioner's own witness, Building Inspector of Adams county, testifying at the arguments of the motions to dismiss, that the property here involved is already zoned for industrial purposes and, upon identification of the zoning resolutions, the same were admitted in evidence which show a resolution providing that Industrial One District permits the following use, "light or power plant, central station." Therefore, where the contemplated use falls within a zone already established, there would be no need for obtaining the approval of the Planning Commission if such was at all necessary. It is obvious that it would be impossible for the utility to submit to such Planning Commission the extent and exact location of the property involved, which it might never be able to obtain, and at least it would be premature; moreover, the extent and exact location as referred to in the statute, section 9, chapter 45A, '53 Cum. Supp., '35 C.S.A., could not be determined in eminent domain proceedings until the question of necessity has been decided.

Respondent-petitioner, an individual property owner, has not shown herself to be one of a class affected by her claim that the statute under which the utility is now proceeding to condemn her property is class legislation. If the statute here questioned as being unconstitutional can be said to be class legislation, it is because all businesses specified in the statute are not equally protected. The statute specifies who may condemn private property and respondent-petitioner does not fall within the class of persons so specified. The amended statute, section 1, chapter 41, S.L. '52, here involved and under which the utility is proceeding and which became effective December 15, 1952, is as follows: "If any corporation formed for the purpose of constructing a road, ditch, reservoir, pipe line, bridge, ferry, tunnel, telegraph line, railroad line, electric line or electric plants, shall be unable to agree with the owner, for the purchase of any real estate or right of way or easement

or other right necessary or required for the purpose of any such corporation, for transacting its business, or for any lawful purpose connected with the operations of the company, such corporation may acquire title to such real estate or right of way, or easement or other right, in the manner provided by law for the condemnation of real estate, or right of way; and any ditch, reservoir, or pipe line company may, in the same manner, condemn and acquire the right to take and use any water not previously appropriated."

■ ■ It is abundantly clear that the above section of the statute provides that a corporation, such as the petitioner here, may institute condemnation proceedings for the construction of an electric plant as here involved. Prior to the effective date of this amendment, December 15, 1952, no such authority existed under the old statute and this was fully determined in the case of *Potashnik v. Public Service Company of Colorado,* 126 Colo. 98, 247 P. (2d) 137, decided July 14, 1952. If respondent, now complainant, could approvingly be heard on her contentions that the Act, as amended, is unconstitutional as being class legislation, it is well to note that she apparently has overlooked the fact that the language of the Act, upon which she bases her contention, has remained the same for many years and has been upheld by this Court on several occasions, one of the latest being *Pine Martin Mining Co. v. Empire Zinc Co.,* 90 Colo. 529, 11 P. (2d) 221. It is herein contended that because the statute gives corporations engaged in certain kinds of business the right to condemn, while an individual so engaged is denied that right, therefore he is deprived of equal protection of the law and results in class legislation. This classification was not added to the eminent domain statutes by this recently amended section. The section expressly designates the type of corporation that may avail itself of the right to condemn and such right is strictly confined to certain enumerated corporations. Only such corporations or individuals as might

be adversely affected, are entitled to assail the constitutionality of such a statute. *Rinn v. Bedford,* 102 Colo. 475, 84 P. (2d) 827.

We believe the question of the constitutionality of this statute, as it may or may not relate to individuals, is clearly settled by the language of Mr. Justice Clark in the case of *Potashnik v. Public Service Company of Colorado, supra,* as follows: "Statutes granting to certain types of corporations, of which the Company is one, the right to exercise the powers of eminent domain, and charter provisions of such corporations to enable them to take advantage of this privilege, grant no power in addition to that accorded by the specific provisions of the general law covering that subject, and are designed only to give to those particular corporations the same rights under the eminent-domain provisions as might be exercised by an individual under the same circumstances."

■ Throughout our entire eminent domain statutes we find the classification of corporations and individuals. If such classification is reasonable and operates with the same effect upon all members of the class involved, then it is within the power of the legislature to make such classification. We find no denial of the right of individuals that may engage in the utility business to equal protection of the law.

■ ■ The question as to whether the contemplated use to be made of the property involved, was a public use, could not be raised by the motion to dismiss. In the condemnation petition it was specifically alleged that the use was public, and respondents in the motion to dismiss, admitted this well pleaded fact; it is, therefore, not properly before us in this proceeding and can only properly be presented here by way of an answer. In fact, the use of the property here contemplated, cannot be said to be other than a public use since the operation of the plant in the furtherance of the conduct of the utility business is for service to the public, and is a business

conducted for a public purpose. Complainant contends that the land is already devoted to a public use, because the City of Denver has rights of way for water ditches across the property and, therefore, that portion of the land is devoted to a public use. The City of Denver is not a party to this action and if such right of way does exist, Denver's rights would not be affected by this action because it is not made a party. Respondent here is in no position to complain that others who might have an interest in the property are not made parties, because she alone is affected by the outcome of this action, and not others she claims may have an interest, and the omission of any party will not invalidate the proceedings as against her.

It being abundantly clear that the amended statute does not offend against either the state or federal Constitution, and that it specifically authorizes a corporation, such as is here involved, to proceed in condemnation of land for the purposes indicated by its pleading, and that respondent's objections to the proceeding are without legal foundation and are contrary to the law and decisions of this Court, the rule to show cause herein must be, and is, discharged in order that the proceedings as instituted in the trial court may go forward.