No. 17,753.

TOWN OF EATON *v.* NINA A. BOUSLOG, ET AL.
(292 P. [2d] 343)

Decided January 16, 1956.

Mr. WM. C. RHODES, for plaintiff in error.

Mr. ROBERT G. SMITH, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THE board of trustees of the Town of Eaton, an incorporated town, on December 13, 1954, adopted an ordinance entitled "An Ordinance Declaring Necessity for Improvement of Town of Eaton Cemetery by Enlargement, and Authorizing Town of Eaton to Acquire Necessary Land Therefor by Purchase, Condemnation, or Otherwise."

On January 14, 1955, the Town filed its petition in condemnation proceedings whereby it sought to condemn the land adjacent to the cemetery and owned by defendants in error. Motion to dismiss said petition was filed by defendants on the ground that the petition did not state a claim upon which relief could be granted, and further, that the Town is not authorized to prosecute or maintain a proceeding in eminent domain to take private lands for cemetery purposes. Hearing was had on said motion on June 13, 1955, after which the court entered judgment of dismissal of the petition. The Town, by writ of error, seeks review of that judgment.

The one question presented which is determinative of this controversy is: Has an incorporated town, under the constitution and laws of Colorado, authority to condemn private lands for use as a cemetery? The

authority to exercise such power, being against the common right to own and keep property, must be given expressly or by clear implication; it can never be implied from doubtful language. Under the state constitution the classification and powers of incorporated towns is governed by general laws. (Const. XIV, Secs. 13, 14.)

The statutory right to establish cemeteries is to be found in C.R.S. '53, 139-32-1 (32), which is:

"Cemeteries.—To establish and regulate cemeteries within or without the corporation, and acquire land therefor, by purchase or otherwise, and cause cemeteries to be removed and prohibit their establishment within one mile of the corporation."

The grant of power thus conferred is limited to acquisition by purchase or otherwise. It cannot be implied from the word "otherwise," that the town is given authority to condemn lands for such purpose. If it can be said that the use of this word creates a doubt, the power of condemnation has not been granted. *Mack v. Town of Craig,* 68 Colo. 337, 191 Pac. 101.

Our legislature has given incorporated towns express power to condemn private lands for public uses, and such uses are designated therein, and are such as are necessary to the governmental functions of the city; however, in granting this special power and authority the legislature carefully protected the rights of the individual property owner.

The establishment and regulation of cemeteries is a power given to incorporated towns; however, no duty is imposed upon a town under the plea of necessity to establish or maintain a cemetery.

The fact that in passing the ordinance the town board of trustees found and declared that the cemetery enlargement was necessary, does not place that necessity in the category of matters required for the public health and safety or the exercise of a governmental function. We are unable to find where the constitutional right of eminent domain has been given legislative expression

for the taking of private property for the uses of a cemetery.

In accordance with the views herein expressed we think the trial court was correct in entering its judgment of dismissal of plaintiff in error's petition and the judgment is affirmed.