No. 19,436.

RALPH H. SPOMER, ET AL. *v.*
CITY OF GRAND JUNCTION, ET AL.
(355 P. [2d] 960)

Decided October 10, 1960.

Mr. John C. Lafferty, for plaintiffs in error.

Mr. Gerald J. Ashby, for defendant in error City of Grand Junction.

Messrs. Haynie, Golden & Mumby, for defendant in error Cheever.

*In Department.*

Per Curiam.

The parties to this writ of error appear in the same order as in the trial court. Plaintiffs will be designated as such or as the Spomers, and the defendants will be mentioned as the city and city manager, respectively.

The Spomers bought a burial lot from the city in its municipal cemetery for the burial of their child "Ronnie" who was killed in an accident. A grave was opened by city employees and the remains of the boy were interred with a religious ceremony in August 1957.

Shortly after Decoration Day, 1958, plaintiff Mary J. Spomer received a telephone call from the caretaker of the cemetery by which she was informed that Ronnie's grave was in the wrong location and that prior vendees of the lot desired that the boy's body be removed from it. She described the mistake as "a terrible thing," but did not consent to a removal of Ronnie's remains. Subsequently, the caretaker called her and stated that the child's remains must be removed either with or without the parents' consent. Permission was refused. He thereafter contacted the plaintiff Ralph H. Spomer, explained the mistake and requested permission to remove the remains. Ralph's wife had already informed him of the mistake. Consent by plaintiffs to remove Ronnie's remains was again denied. The reason assigned was that the boy had been put to final rest and the plaintiffs did not want his grave to be disturbed.

The attorney for the city discussed the subject in June 1958 with an attorney who was engaged by plaintiffs for prosecution of a civil action resulting from Ronnie's death. The two attorneys agreed that the matter should be held in abeyance until the court action was concluded. During the year following, the attorneys frequently discussed the controversy.

On the eve of Decoration Day, 1959, Ronnie's paternal grandparents went to the cemetery to visit his grave and discovered that it had been relocated and that the new grave was "all torn up." They, in turn, notified the plaintiffs at Gunnison where they were then residing. Plaintiffs made a trip to Grand Junction and Ralph Spomer verified the fact of his child's remains having been removed to another location in the cemetery.

No notice of removal of Ronnie's remains was given to the plaintiffs. The city manager ordered the removal to be made at city expense. The city attorney confirmed the fact upon inquiry by plaintiffs' attorney. Thereafter the plaintiffs commenced this action against defendants for damages. Testimony was produced by the plaintiffs at a jury trial tending to prove the foregoing facts and also that the plaintiffs sustained emotional disturbance, grief, mental suffering and anguish.

At the conclusion of the plaintiffs' principal case, the city moved for a dismissal on the ground that "the plaintiffs have failed to prove a right of recovery either under the language of their amended complaint or under the theory of law which was advanced by the defendant city * * * originally, that recovery can be had for pain and suffering or humiliation and suffering only upon the showing that the acts of the defendant were wilful and wanton * * *." Thereupon, the city manager moved to dismiss the action as to him, or alternatively, that an instructed verdict be returned in his favor because "there has been no showing that the * * * city manager acted in any way * * *. There is no showing of how the

city manager acted, no malice, no corruption, and no intent, no wilful or wantonness" (sic).

In sustaining both motions to dismiss, the trial judge stated:

"In pretrial conferences had, counsel for the plaintiffs assured the court that it was his duty, his obligation, to show on behalf of the defendants in this case wrongful, unlawful, careless, negligent and malicious acts in the exchange in these lots. Counsel for the plaintiffs * * * have wholly failed to show those things to have occurred * * *."

The position of counsel for the defendants, and of the trial court in sustaining the motions to dismiss, as we understand it, is grounded upon the premise that for plaintiffs to succeed they must prove by a preponderance of evidence *all* allegations of their amended complaint. For the purpose of this review, we must consider all facts which are admitted by the pleadings; and for this purpose, alone, we are obliged to assume that every inference of fact that can legitimately be drawn from the plaintiffs' evidence is admitted.

■ (1) We cannot agree that plaintiffs had the burden of proving in the conjunctive that the acts of the defendants were wrongful, unlawful, careless, negligent, malicious, wilful and wanton. Under the Rules of Civil Procedure the main purpose of the complaint is to furnish notice to an adversary of the transaction or occurrence complained of. If a party states *any* claim and proves it by a preponderance of evidence, he is entitled to relief. As was said in *Bridges v. Ingram,* 122 Colo. 501, 223 P. (2d) 1051:

" * * * If sufficient notice concerning the transaction involved is afforded the adverse party, the theory of the pleader is not important. If, under the facts, the substantive law provided relief upon any 'theory,' the cause should proceed to judgment. * * *."

■ Rulings of this court under former practice and procedure that pleadings are construed most strongly

against the pleader are not in harmony with present day procedure in civil actions. The rule now is that pleadings are to be construed in favor of the pleader. It necessarily follows that issues joined upon matters which are immaterial to a claim are surplusage and need not be proved. So in the case before us if any of the allegations of the amended complaint gave notice to the defendants of a claim for relief and there was some competent evidence produced at the trial upon which relief could be granted, a dismissal of the action was not in order.

■ The defendants urge that since the plaintiffs demanded relief only for mental pain and suffering, they cannot recover, because in Colorado damages for such a claim are not recoverable unless the wrong complained of was the result of wilful and wanton conduct on the part of the defendants, and plaintiffs failed to prove any such conduct by defendants.

■ We disagree with the contention of defendants that there is insufficient evidence of the wilfulness and wantonness of their conduct as to warrant the submission thereof to the jury, and hold that said issue, as well as plaintiffs' consequent damages, if any, should have been submitted to the jury for determination under appropriate instructions. A review of the record convinces us that the minds of reasonable men and women might differ upon the facts and the inferences to be drawn therefrom, as to whether the indifference of defendants and plaintiffs' objections to removal of their son's body, arose from wrongful motives in wilful disregard of their rights and feelings.

■ (3) The city was engaged in a proprietary rather than a governmental function in the operation of the cemetery. *Town of Eaton v. Bouslog,* 133 Colo. 130, 292 P. (2d) 343. Its liability for tort while so engaged was the same as that of a private corporation. *Veraguth v. City of Denver,* 19 Colo. App. 473, 76 Pac. 539; *Schwalb v. Connely,* 116 Colo. 195, 179 P. (2d) 667. The

city manager contends that by reason of his official capacity he cannot be held liable for his acts. Here he was acting as an agent of the city and in so doing had the status of an agent of an ordinary corporation. He was not immune from suit.

The judgment is reversed and the cause remanded with directions to vacate the judgment of dismissal, reinstate the action and proceed to trial on the merits.

MR. JUSTICE HALL, MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.