### No. 27456

**The Riverside Irrigation District v. James D. Lamont, George Lamont and Agnes Lamont**

(572 P.2d 151)

Decided December 5, 1977. Opinion modified and as modified rehearing denied December 27, 1977.

George A. Epperson, Donald F. McClary, Edward L. Zorn, Douglas R. Vannoy, for plaintiff-appellant.

Alvin L. Steinmark, for defendants-appellees.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The issue on this appeal is whether or not an irrigation district has the authority to exercise its right of eminent domain for the purpose of drilling groundwater wells. The trial court adjudged that the irrigation district had no such authority. We reverse.

The Lamonts own a ranch in Weld County, Colorado. Their title comes down from the original patentee who was issued a patent in 1915. The irrigation district was organized in 1907. In 1909, it obtained a right-of-way from the United States government extending fifty feet on each side of a canal through what is now the Lamonts' ranch. The irrigation district wants to acquire a right-of-way two hundred feet along the southern margin of the canal for the purpose of drilling groundwater wells to augment its supply of irrigation water. Unable to agree with the Lamonts on a price for the right-of-way, the irrigation district sued to condemn this property under the power of eminent domain.

The trial court determined that the irrigation district was without authority under our statutes to condemn land for the purpose of drilling groundwater wells.[1] The irrigation district thereupon appealed to this court. Both parties have stipulated that the only issue presented on appeal is whether or not the district has authority to condemn land for the purpose of drilling groundwater wells.[2] The Lamonts argue that there is no express grant of authority to irrigation districts to condemn land for groundwater wells, and that the authority must be expressly granted

---

[1]In addition, the trial court found that the value of the right-of-way is $3,000 in order to avoid a retrial on the issue of compensation. Both parties agreed to abide by this figure and stipulated to certain conditions on the easement should it be determined that the district had the authority to condemn.

[2]In tandem with this eminent domain proceeding, the district has filed a plan of augmentation in the water court [f. 326] to acquire the water rights for this project.

because eminent domain powers are to be strictly construed. Further, the Lamonts assert that section 949 of title 43 of the United States Code prohibits this condemnation. We disagree with these arguments and hold that the irrigation district does have the authority under our statutes to condemn this property. We therefore reverse the judgment of the trial court.

## I.

■ Irrigation districts have the statutory right, under certain circumstances, to exercise the power of eminent domain. Section 38-2-101, C.R.S. 1973, and the Irrigation District Act of 1905, sections 37-41-113(3) and 37-41-114, C.R.S. 1973.[3] *See Potashnik v. Public Service Co.*, 126 Colo. 98, 247 P.2d 137 (1952). Section 38-2-101 provides in part as follows:

"If any corporation formed for the purpose of constructing a . . . ditch [or] reservoir . . . is unable to agree with the owner for the purchase of any real estate or right-of-way or easement or other right necessary or required for the purpose of any such corporation for transacting its business or for any lawful purpose connected with the operations of the company, such corporations may acquire title to such real estate or right-of-way or easement or other right in the manner provided by law. . ."

■ This irrigation district, considered to be a municipal corporation, (*see McCord Mercantile Co. v. McIntyre*, 25 Colo. App. 376, 138 P. 59 (1915)), was formed to provide water to the members of its district in order that the arid lands within the district would become productive. *Anderson v. Grand Valley Irrigation District*, 35 Colo. 525, 85 P. 313 (1906). To achieve this purpose the district must accumulate and distribute water, primarily by constructing ditches and reservoirs — hence, irrigation districts fall within the scope of section 38-2-101. Drilling groundwater wells would provide more water for the irrigation district and therefore the easement can reasonably be said to be "necessary or required for the purpose of any such corporation for transacting its business or for any lawful purpose connected with the operations of the company." The precise purpose for forming the irrigation district was to provide for the irrigation of the lands within the district. *See* section 37-41-101, C.R.S. 1973.

■ The power of eminent domain granted to the board of directors of irrigation districts in the Irrigation District Act of 1905 also appears to clearly authorize the condemnation sought here. Section 37-41-113(3), C.R.S. 1973 in part provides that:

"Such board has the power . . . to . . . condemn any . . . water, water rights, rights-of-way, or other property necessary for the use of the district . . ."

---

[3]The briefs also cited portions of the Irrigation District Act of 1921, which do not apply here because this district was organized under the 1905 Act.

The district has determined that water wells are "necessary for the use of the district" in order to improve its service to member landowners by increasing the amount of water available. In turn, the right-of-way sought here is necessary for the construction and maintenance of these water wells. Because the parties have stipulated that the only issue presented is one of authority, we must assume that the district's determination as to necessity is correct.

In holding that the irrigation district did not have the power to condemn, the trial court adopted a most restrictive interpretation of the statutes involved. We hold that the language contained in the statutes involved clearly authorizes this condemnation.

## II.

The Lamonts argued, and the district court agreed, that section 949 of title 43 of the United States Code prohibits this condemnation. We are not persuaded. The district is attempting to acquire private land, owned by the Lamonts. Section 949 applies only to the use of rights-of-way and easements over *public* lands, and is totally irrelevant to the question of whether the irrigation district has the authority to condemn the Lamonts' land. *See* 43 U.S.C. § 946.

We note that the Lamonts' answer placed in issue the propriety of drilling a well on the right-of-way adjacent to the district's ditch, to which section 949 does apply because it was an easement granted by the government over public lands. However, due to the stipulation limiting the issues on appeal to the district's authority to condemn land, we express no opinion upon this issue.

In conclusion, we find that the irrigation district has statutory authority to condemn land for the purpose of sinking groundwater wells.

The judgment of the trial court is reversed.

MR. JUSTICE GROVES does not participate.