No. 79SA428

Clyde E. Buck and Elsie Buck, Trustees of Clyde E. Buck Trust, Ethel M. Hightower, Ernestine Hightower Sanders, Geraldine Hightower Dunlap, Barbara Anne Lewis and Jane Lawrence Eberhardt, as Co-Trustees of the Bertha Lee Pyles Trust, Barbara Anne Lewis, Jane Lawrence Eberhardt, Merwin Dunlap, Geraldine Dunlap, V. Kelly Lindholm, Eunice B. Lindholm, and The Lindholm Family Farm and Ranch, Ltd., a corporation v. District Court for the County of Kiowa and State of Colorado and the Honorable Robert Sanderson, one of the Judges thereof, and Missouri Pacific Railroad Company

(608 P.2d 350)

Decided March 24, 1980.          Rehearing denied April 14, 1980.

Johnson, McLachlan & DiCola, Anthony J. DiCola, for petitioners.

Preston, Altman & Parlapiano, Leo S. Altman, for respondents.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

This case is an original proceeding brought under C.A.R. 21. The petitioners are the owners of lands adjacent to the main tracks of the respondent Missouri Pacific Railroad Company (railroad). They seek a writ directing the respondent district court to dismiss a condemnation action brought by the railroad with respect to their lands. We issued a rule to show cause and now discharge the rule.

The railroad filed a petition[1] in the respondent court seeking to

---

[1] *See* sections 38-1-102(1) and 38-2-101, C.R.S. 1973. (In 1979, section 38-2-101 was amended in a manner not material to the case before us. Colo. Sess. Laws 1979, ch. 353, 38-2-101 at 1381. The statute is now codified as section 38-2-101, C.R.S. 1973 (1979 Supp.).)

condemn the lands in question for the purpose of constructing "dust levees" parallel to its tracks. Dust levees are earthen structures, eleven feet high and thirty-five feet wide, designed to deflect dust-bearing winds over the railroad tracks, reducing the need for dust-removal operations and the likelihood of delays or derailments caused by the accumulation of dust on the tracks.

The petitioners moved to dismiss the condemnation action, and the railroad petitioned for immediate possession of the lands sought to be condemned.[2] After a hearing, the respondent court denied the motion to dismiss and ordered that the railroad be granted immediate possession. That order has been stayed pending the outcome of this original proceeding.

The issues presented in this case are: (1) whether the purpose for which the railroad seeks to condemn the petitioners' lands is a public use within the meaning of *Colo. Const.* Art. II, Sec. 15; (2) whether the railroad has statutory authority to condemn lands for dust levees outside of the 200-foot-wide "road" authorized to be laid out by section 40-20-102(1)(a), C.R.S. 1973; and (3) whether approval of the proposal for construction of dust levees is required to be obtained from the Colorado Public Utilities Commission as a condition precedent to the condemnation action instituted by the railroad.

I.

Except in specific circumstances not at issue here,[3] private property may not be condemned pursuant to statutory authority unless the purpose for which the condemnation is sought is judicially determined to be a public use within the meaning of *Colo. Const.* Art. II, Sec. 15. *Larson v. Chase Pipe Line Company,* 183 Colo. 76, 514 P.2d 1316 (1973); *Potashnik v. Public Service Co. of Colorado,* 126 Colo. 98, 247 P.2d 137 (1952). The petitioners assert that the purpose for which the railroad seeks to condemn their lands, *viz.,* the construction of dust levees parallel to its tracks, is not such a public use. We cannot agree.

"No definition . . . has as yet been formulated which would serve as an infallible test in determining whether a use of property sought to be appropriated under the power of eminent domain is public or private. No precise line is drawn between the uses which would be applicable in all cases." *Tanner v. Treasury Tunnel Co.,* 35 Colo. 593, 595, 83 P. 464, 465 (1906). Nonetheless, we perceive no difficulty in classifying the construction proposed in the case before us as a public use. The record shows that the levees can reasonably be expected to enhance the operational efficiency and safety of the public rail services provided by the respondent railroad. It is undisputed that those services themselves constitute a public

---

[2] *See* section 38-1-105(6)(a), C.R.S. 1973.
[3] *See Colo. Const.* Art. II, Sec. 14.

use within the meaning of *Colo. Const.* Art. II, Sec. 15. Because of the direct functional connection between the proposed construction and the railroad's general operations, we conclude that the construction is "essentially for public benefit and advantage." *Tanner, supra. See* 2A *P. Nichols, Eminent Domain* § 7.5211 (rev. 3d ed. J. Sackman 1979). The respondent court was therefore correct in holding the construction of dust levees by the railroad to be a public use for purposes of *Colo. Const.* Art. II, Sec. 15.

## II.

■ Private property may not be condemned, even for a purpose which is judicially determined to be a public use within the meaning of *Colo. Const.* Art. II, Sec. 15, in the absence of express or necessarily implied statutory condemnation authority. *Riverside Irrigation District v. Lamont,* 194 Colo. 320, 572 P.2d 151 (1977); *Potashnik v. Public Service Co. of Colorado, supra.* The petitioners contend that such authority does not exist for the condemnation of private property by a railroad corporation for the purpose of constructing dust levees outside its statutory right-of-way. We do not agree.

■ Railroad corporations have been granted broad condemnation authority pursuant to section 38-2-101, C.R.S. 1973,[4] which provides, in pertinent part, as follows:

"If any corporation formed for the purpose of constructing a . . . railroad line . . . is unable to agree with the owner for the purchase of *any* real estate or right-of-way or easement or other right necessary or required for the purpose of any such corporation for transacting its business or for *any lawful purpose* connected with the operations of the company, such corporation may acquire title . . . in the manner provided by law for the condemnation of real estate or right-of-way." (Emphasis added.)

The petitioners argue that section 38-2-101 is limited in its scope by section 40-20-102(1)(a), C.R.S. 1973. That statute grants a railroad corporation the power "[t]o lay out its road, not exceeding two hundred feet in width, and to construct the same; and for the purpose of cuttings and embankments to take as much more land as may be necessary for the proper construction and security of the railway."

■ Those provisions of the two statutes which apply to the facts of this case were enacted contemporaneously by the General Assembly. *See* General Laws of Colorado, November 1877, §§ 301 and 304. They are clearly *in pari materia.* It is therefore our responsibility, to the extent possible, to construe the statutes together and to reconcile their provisions, giving effect to each. *People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977). It is our opinion that the General Assembly did not intend the

---

[4] *See* fn. 1.

200-foot width limitation to apply to the condemnation of private property for the construction of a railroad's physical facilities (other than those required for the laying out of its road) which have a sufficiently direct functional relationship to the operations of the railroad to satisfy the public use requirement of *Colo. Const.* Art. II, Sec. 15. The trial court was therefore correct in concluding that the railroad possesses statutory authority for the condemnation of lands outside its statutory right-of-way for the proposed construction of dust levees.

## III.

■ As their final argument, the petitioners contend that approval of the proposal for construction of dust levees must be secured by the railroad from the Colorado Public Utilities Commission as a condition precedent to the institution of this condemnation action. They rely on section 40-4-106, C.R.S. 1973. We do not agree. It is clear that such approval is not required as a prerequisite to the condemnation of lands required for the proposed construction. *Cf. Miller v. Public Service Co. of Colorado,* 129 Colo. 513, 272 P.2d 283 (1954), *with Colorado and Southern Railway Company v. District Court,* 177 Colo. 162, 493 P.2d 657 (1972).

Rule discharged.

JUSTICE GROVES and JUSTICE LEE do not participate.