COQUINA OIL CORPORATION, a Nevada corporation; N.F.C. Petroleum Corporation, a Delaware corporation; and Hanson Oil Corporation, a New Mexico corporation, Plaintiffs-Appellants and Cross-Appellees,

v.

HARRY KOURLIS RANCH, a Colorado general partnership, Defendant-Appellee and Cross-Appellant.

No. 81SA268.

Supreme Court of Colorado, En Banc.

April 5, 1982.

---

Friedman, Hill & Robbins, David W. Robbins, Alan H. Friedman, Denver, for plaintiffs-appellants and cross-appellees.

Kourlis, Thornberry & Young, Rebecca L. Kourlis, Craig, Davis, Graham & Stubbs, Clyde O. Martz, Denver, for defendant-appellee and cross-appellant.

LOHR, Justice.

Coquina Oil Corporation, N.F.C. Petroleum Corporation, and Hanson Oil Corporation (collectively, Coquina) appeal from the judgment of the Rio Blanco County District Court dismissing their petition in condemnation, which sought a private way of necessity across the land of the appellee, Harry Kourlis Ranch (Kourlis). The district court held that Coquina, a federal oil and gas lessee, could not assert the right to condemn private property for private use provided by *Colo.Const.* Art. II, § 14 and section 38–1–102(3), C.R.S.1973, and consequently dismissed Coquina's petition for lack of standing. We affirm.

I.

Coquina holds a number of federal oil and gas leases in Rio Blanco County. The leaseholds of Coquina form a continuous block that lacks access to a public road. In order to secure access to the leaseholds for purposes of initial exploration and later potential production, Coquina entered into negotiations with a number of surrounding landowners, including Harry Kourlis Ranch. These negotiations ultimately proved unsuccessful.

Coquina then filed a petition in condemnation in Rio Blanco County District Court. The petition requested that Coquina be granted a right-of-way, 40 feet in width, across the Kourlis property. The proposed right-of-way is approximately .9 miles in length and is presently used as an unimproved road. The Coquina petition requested authorization to use the right-of-way for surface transportation and for installation of an underground oil and gas pipeline.

Pursuant to section 38–1–105(6)(a), C.R.S. 1973, Coquina filed a motion in limine for immediate possession and use of the right-of-way pending resolution of the condemnation proceedings. After a hearing the district court entered an order on September 12, 1980, denying the motion. The basis for its decision was stated as follows:

It is the conclusion of this Court that Petitioners have failed to establish proper standing to proceed in condemnation as lessees under Article II, Section 14 of the Colorado Constitution and C.R.S.1973, 38–1–102(3). These provisions are only available to owners of fee interests and not available to federal oil and gas lessees holding interests under leases such as those held by Petitioners.

Coquina sought review of that order in this court pursuant to C.A.R. 21. We issued

a rule to show cause why the requested relief should not be granted, but, after the matter was at issue, concluded that review by appeal provided an adequate remedy and so discharged the rule. *Coquina Oil Corp. v. District Court*, Colo., 623 P.2d 40 (1981).

On remand, the district court adopted the findings and conclusions of its September 1980 order denying Coquina's motion in limine, and entered a final judgment dismissing Coquina's petition in condemnation. Coquina appealed.[1] The case was transferred to this court from the Colorado Court of Appeals for a resolution of Coquina's claims. *See* sections 13–4–109 and 110, C.R. S.1973.

## II.

The sources of Coquina's asserted right to condemn a right-of-way across the Kourlis ranch are *Colo.Const.* Art. II, § 14 and section 38–1–102(3), C.R.S.1973. The premise of Coquina's argument is that this constitutional provision and section 38–1–102(3), by their terms, do not specify the class of persons who may assert the right to condemn private property for a private use. Coquina then contends that this ambiguity should be resolved to allow a federal oil and gas lessee as well as the fee owner of the landlocked property to assert the condemnation right provided by Art. II, § 14 and section 38–1–102(3). It argues that such a

reading is consistent with public policy, since a contrary construction would render the leaseholds valueless to Coquina and deprive the public of the benefits that might result from exploration and development of the leaseholds. While we agree with Coquina's premise that neither the constitution nor the statute establishes the class of persons who may condemn, we find its conclusion from that premise unpersuasive.

### A.

*Colo.Const.* Art. II, § 14 provides:

Private property shall not be taken for private use unless by consent of the owner, except for private ways of necessity, and except for reservoirs, drains, flumes or ditches on or across the lands of others, for agricultural, mining, milling, domestic or sanitary purposes.

Coquina also relies on the statutory counterpart to this constitutional provision, contained in section 38–1–102(3), C.R.S.1973. That statute provides:

Under the provisions of this section, private property may be taken for private use, for private ways of necessity, and for reservoirs, drains, flumes, or ditches on or across the lands of others for agricultural, mining, milling, domestic, or sanitary purposes.[2]

1. In the trial court Kourlis contended that the order denying the motion in limine was a final judgment and that Coquina had failed to perfect its appeal from that judgment. The trial court rejected that contention. Kourlis cross-appealed from that determination, but has elected in its briefs and argument before this court not to pursue that question. Accordingly, we do not address the question.

2. Coquina contends that the provisions of *Colo. Const.* Art. II, § 14 are self-executing. Kourlis argues that the constitutional section is not self-executing and the condemnation power provided by that section can only be exercised if a legislative enactment has authorized its use. The case law is in apparent conflict. In the context of *Colo.Const.* Art. II, § 15, which authorizes the taking of private property for a public use, we have held that the constitutional provision is not self-executing. *E.g., Buck v. District Court*, 199 Colo. 344, 608 P.2d 350 (1980); *Beth Medrosh Hagodol v. City of Aurora*, 126 Colo. 267, 248 P.2d 732 (1952); *Potash-*

*nik v. Public Service Co.*, 126 Colo. 98, 247 P.2d 137 (1952). However, Colorado courts have previously stated that *Colo.Const.* Art. II, § 14 is self-executing and need only be supplemented by the legislature with a procedure for assertion of that right. *E.g., Lamborn v. Bell*, 18 Colo. 346, 32 P. 989 (1893); *Crystal Park Co. v. Morton*, 27 Colo.App. 74, 146 P. 566 (1915). *Cf. Town of Lyons v. City of Longmont*, 54 Colo. 112, 129 P. 198 (1912) (*Colo.Const.* Art. XVI, § 7, granting a private right of condemnation of rights-of-way for water transportation and drainage facilities, is self-executing). We need not reconcile these apparently conflicting precedents in this case because the provisions of *Colo.Const.* Art. II, § 14 and section 38–1–102(3) are substantially identical. Consequently, even if the constitutional provision is not self-executing, the legislature has provided for the exercise of the full scope of that right in section 38–1–102(3).

The provisions of *Colo. Const.* Art. II, § 14 constitute "a general inhibition against taking private property for private use without the consent of the owner, but with certain [specified] exceptions." *Crystal Park Co. v. Morton,* 27 Colo.App. 74 at 80, 146 P. 566 at 569 (1915).

■ We have often held that narrow construction is the rule in determining the scope of the condemnation power delegated pursuant to legislative enactment. *E.g., Town of Eaton v. Bouslog,* 133 Colo. 130, 292 P.2d 343 (1956); *Beth Medrosh Hagodol v. City of Aurora,* 126 Colo. 267, 248 P.2d 732 (1952); *Potashnik v. Public Service Co.,* 126 Colo. 98, 247 P.2d 137 (1952); *see* 1 *Nichols, The Law of Eminent Domain* §§ 3.213 and 3.213[1] (3d ed. 1973 and 1981 Supp.). As we stated in *Town of Eaton v. Bouslog, supra* :

> The authority to exercise [the power of condemnation], being against the common right to own and keep property, must be given expressly or by clear implication; it can never be implied from doubtful language.

*Town of Eaton v. Bouslog, supra* 133 Colo. at 131–132, 292 P.2d at 344. Therefore, we must interpret the exceptions in *Colo. Const.* Art. II, § 14 narrowly, and resolve uncertainty in the ambit of the condemnation power against the person asserting the right to condemn.

■ Coquina correctly notes that *Colo. Const.* Art. II, § 14 and section 38–1–102(3), C.R.S.1973 do not explicitly state whether the power of condemnation prescribed by those provisions may be asserted by a federal oil and gas lessee. However, in light of the principles of construction discussed above, we must resolve that ambiguity against Coquina, the party asserting the right to condemn.[3]

3. There is an additional, unresolved question about Coquina's right to condemn the desired right-of-way. It is not clear from the record whether it is possible to gain access to the Coquina leaseholds over other federal lands. If such alternate access is available then condemnation of a right-of-way across the Kourlis ranch would be improper, since an owner cannot create the necessity for a right-of-way across the property of a third party by subdividing his land into "landlocked" leaseholds.

## B.

Coquina contends that such a result is contrary to sound considerations of public policy. We disagree.

Coquina argued in the trial court that condemnation of the right-of-way across the Kourlis ranch would be for the benefit of the lessee alone and would terminate upon expiration of the lease. The undesirable consequences of such an approach are evident. It creates the possibility that the owners of the Kourlis property will be subjected repeatedly to the disruptive effect and expense of litigation as successive lessees attempt to secure a temporary right-of-way. Imposing upon Kourlis the burden of potential repeated litigation involving essentially the same subject matter does not reflect a wise reconciliation of the need to protect an individual against the deprivation of his property without consent and the need to ensure full development of the state's resources.

In contrast, condemnation of a right-of-way by the fee owner of the landlocked estate does not create the same potential for a multiplicity of lawsuits. If the fee owner condemns the right-of-way, the taking is permanent and the appropriate compensation for the interests condemned is established in one proceeding. The parties do not contest that the federal government can initiate a condemnation action to secure a right-of-way to the Coquina leasehold. *See Leo Sheep Co. v. United States,* 440 U.S. 668, 99 S.Ct. 1403, 59 L.Ed.2d 677 (1979). Indeed, the federal government on occasion has condemned private property for the benefit of a government lessee or permittee. *See United States v. 23.9129*

*Cf. Gulotta v. Triano,* 125 Ariz. 144, 608 P.2d 81 (1980) (owner who landlocked his property by voluntary alienation of a means of egress and ingress may not acquire a private way of necessity by condemnation). Consequently, even if we were to determine that a federal oil and gas lessee can condemn a right-of-way, it would be necessary to remand this case so that a finding on this question could be made in further proceedings.

*Acres of Land, More or Less, In Shasta County,* 192 F.Supp. 101 (N.D.Cal.1961). The federal government is the appropriate body to determine whether to condemn an access route to Coquina's leaseholds, and there is no incremental public benefit justifying the additional burden on Kourlis which would result from extension of that condemnation right to the government's lessee.

In addition, the fee owner of the landlocked property makes the decision to pursue a condemnation action from a different perspective than that of an oil and gas lessee. While the lessee's concern for both the leased property and the surrounding lands is limited in both subject matter and duration, the fee owner of the property will consider the broader implications of his actions over a more extensive period of time. As a policy matter, it is preferable that the latter rather than the former perspective inform the condemnation decision.

We believe that the appropriate reconciliation of the competing policy considerations at issue in this case restricts the condemnation power to the federal government and precludes its extension to a federal oil and gas lessee.

## C.

Nor is the result we reach today an inequitable frustration of Coquina's legitimate expectations. The trial court found that the federal oil and gas leases clearly notified Coquina that the federal government did not guarantee access to the leaseholds. Coquina does not contend otherwise. A cursory examination of the leased land would have revealed the necessity to secure access either through negotiation with surrounding landowners or by prevailing on

the federal government to obtain such access. There was no reason for assuming, based on our prior decisions, that we would hold that a federal oil and gas lessee can assert the condemnation right provided by *Colo.Const.* Art. II, § 14 and section 38–1–102(3), C.R.S.1973. Coquina embarked upon its venture knowing that access to the leaseholds was problematical.[4]

## D.

Coquina contends that the trial court's resolution of the issue presented by this case conflicts with the decisions of the Supreme Court of Wyoming in *Coronado Oil Co. v. Grieves,* 603 P.2d 406 (Wyo.Sup.Ct. 1979) and the Arizona Supreme Court in *Cienega Cattle Co. v. Atkins,* 59 Ariz. 287, 126 P.2d 481 (1942). However, those decisions are not persuasive authority on the question now before us.

In *Coronado Oil Co. v. Grieves, supra,* the court concluded that a federal oil and gas lessee could condemn private property to obtain a right-of-way to its oil and gas leases. However, no issue was raised in that case as to whether an oil and gas lessee has a sufficient interest in the real property covered by its lease to support condemnation. Rather, the trial court granted summary judgment for the landowner on the bases that (1) no statutory authority existed for condemnation to obtain a right-of-way for access to a parcel for petroleum exploration and drilling purposes, (2) the plaintiff had not exhausted its administrative remedies, and (3) the description of the desired right-of-way was insufficient. The Wyoming Supreme Court considered and rejected these summary judgment grounds and remanded the case for further proceedings,

**4.** Although not of controlling importance to our decision, the result today does not leave Coquina without a possible means of satisfying its access needs. Coquina contends that denying it the condemnation right will render its leasehold valueless. But that is simply not the case. In addition to the right of federal condemnation, Coquina may negotiate with surrounding landowners for access. The record reveals that there are a number of landowners who might provide such access to Coquina's leaseholds.

Consequently, even if Kourlis should prove intransigent in future negotiations, a negotiated solution to Coquina's dilemma is not foreclosed. This is not a case where Coquina must acquiesce to the demands of a single landowner or forfeit access to its leaseholds. Indeed, Coquina initially considered such alternatives and engaged in preliminary negotiations with other surrounding landowners, but it appears these negotiations were not further pursued.

noting "[t]here may be other issues developed during the course of further proceedings following remand." *Id.* 603 P.2d at 414. Since the issue we address was not explicitly confronted in *Coronado Oil*, that decision is of little help in resolution of the present case.

Coquina's reliance on *Cienega Cattle Co. v. Atkins, supra,* is also misplaced. In *Cienega Cattle* the court concluded that the holder of a federal grazing permit had a sufficient interest in the property to condemn a right-of-way to the grazing area pursuant to Arizona statute. The court relied upon a statute that explicitly extended the condemnation power to "An owner or one entitled to the beneficial use of land..." *Id.* 59 Ariz. at 294, 126 P.2d at 484. In recognizing the right to condemn the court said, "While of course it is true that a grazing permit on the National Forest does not give ownership of the land or of any legal interest therein, it certainly does entitle one to the 'beneficial use' thereof and it is only a 'use' which is required by the statute." *Id.* 59 Ariz. at 295, 126 P.2d at 484.

### E.

Finally, Coquina contends that the refusal to permit a federal oil and gas lessee to condemn a right-of-way pursuant to *Colo.Const.* Art. II, § 14 and section 38–1–102(3) results in a denial of the constitutional guarantees of due process and equal protection found in *U.S.Const.* amend. XIV; *Colo.Const.* Art. II, § 25. We find these arguments to be without merit.

Coquina concedes that the applicable test for measuring the presence of an equal protection violation is whether the different treatment accorded the fee owner and an oil and gas lessee bears a rational relation to a legitimate state purpose. *E.g. McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *Fritz v. The Regents of The University of Colorado,* 196 Colo. 335, 586 P.2d 23 (1978). *See Miller v. Public Service Co.,* 129 Colo. 513, 272 P.2d 283 (1954), *appeal dismissed,* 348 U.S. 923, 75

S.Ct. 338, 99 L.Ed. 724 (1955). The burden is on Coquina to overcome the presumption of constitutionality. 1 *Nichols, The Law of Eminent Domain, supra,* at § 3.213[1]. As this opinion demonstrates, fee owners and oil and gas lessees rationally can be treated differently for right-to-condemn purposes based upon considerations of public policy related to the legitimate governmental objectives of promoting superior land use decisions and avoiding an undue burden on those whose property is condemned.

Coquina's due process argument is equally meritless. Coquina contends that, by virtue of its oil and gas leases, it has the right to condemn adjacent property where necessary to ensure access to its leaseholds, and that the deprivation of this right is a denial of due process. The argument begs the question of whether Coquina does in fact have a condemnation right in the first instance. We hold that it does not. The scope of the condemnation right may be limited so as to achieve its purpose most effectively. *See* 1 *Nichols, The Law of Eminent Domain, supra* at § 3.21. Certainly, it cannot be contended that the legislature denies an individual due process whenever it refuses to extend that individual a condemnation right to be used to solve an access problem of which he was fully aware on purchase. Yet, this is the ultimate result to which Coquina's argument leads. Coquina's claim of violation of due process is unpersuasive, and we reject it.

In holding that a federal oil and gas lessee may not assert the condemnation right provided in *Colo.Const.* Art. II, § 14 and section 38–1–102(3), the district court adopted interpretations of the constitutional and statutory provisions that are consistent with the well-established rule of strict construction and that appropriately reconciles the competing considerations of enabling full development of our state's resources and protecting the vested rights of property owners. ·

The judgment of the district court is affirmed.