**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Plaintiff–Appellee,**

v.

**Zelda H. SHAKLEE, Defendant–Appellant.**

No. 85CA0925.

Colorado Court of Appeals, Div. III.

Feb. 25, 1988.

Rehearing Denied March 24, 1988.

Certiorari Granted (Public Service) Aug. 22, 1988.

Kelly, Stansfield & O'Donnell, Richard W. Bryans, Denver, for plaintiff-appellee.

Wm. Albion Carlson, Greeley, for defendant-appellant.

KELLY, Judge.

Zelda H. Shaklee, one of the defendants in the trial court, appeals the rule and decree in condemnation entered against her and her late husband, George E. Shaklee, on a jury award of $8,800 as compensation for an easement decree in favor of the plaintiff, Public Service Company of Colorado (PSC), for the transmission and distribution of electricity and communication signals. The only argument on appeal is that the sole purpose for which the easement was sought was to supply electrical power to operate a coal mine owned by Adolph Coors Company and that, therefore, the easement was not for a public use. We reverse.

In May 1979, the Adolph Coors Company contacted PSC for the purpose of obtaining electrical service for its mine in Weld County, Colorado. To serve Coors' anticipated needs, a 115 kv transmission line extension was required from PSC's Hudson substation to the mine site, a distance of about 12.5 miles. Although most of this transmission line would be within PSC's certificated territory, the mine itself was located in territory served by Home Light & Power Company under its certificate. PSC obtained "permission" from Home Light, a wholly-owned subsidiary of PSC, to serve Coors because Home Light purportedly lacked adequate facilities to provide the required service. However, there is no evidence that the Colorado Public Utilities Commission had approved PSC's service to the Coors' mine.

PSC thereafter negotiated a contract with Coors. Under this service contract, Coors paid most of the estimated cost of the transmission line, but PSC retained title and the right to serve future customers. Operation and maintenance of the transmission line also remain with PSC.

When attempts by PSC to secure an easement across the Shaklees' property were unsuccessful, PSC commenced these eminent domain proceedings and sought an order for immediate possession. After a hearing, the request for immediate possession was granted. However, on appeal that order was reversed in *Shaklee v. District Court,* 636 P.2d 715 (Colo.1981), in which the Supreme Court held that a public use determination must be resolved before granting immediate possession.

Upon remand, and after rehearing, the trial court found that the transmission line

involved here was for a public use, and it reinstated the immediate possession order. Trial on the issue of compensation resulted in a jury award for the Shaklees of $8,800. PSC has now completed construction of the transmission line, and the line is currently operating.

In support of her argument that the taking was for a private, not a public, use, defendant argues that PSC is without authority to extend its facilities into an area it is not certificated to service. We agree.

As a regulated monopoly, PSC must, as a general rule, obtain approval to extend its facilities upon a showing to the Commission that the proposed extension is within the interest of public convenience and necessity. The applicable portion of § 40–5–101(1), C.R.S. (1984 Repl.Vol. 17), provides:

"No public utility shall begin the construction of a new facility, plant, or system or of any extension of its facility, plant, or system without first having obtained from the commission a certificate that the present or future public convenience and necessity require or will require such construction."

If, as in this case, the public utility proposes to extend its services into an area already served by another utility, the burden of showing public convenience and necessity must include a showing before the Commission that the proposed extension will not duplicate existing services and that the existing services are substantially inadequate to meet the public need. *Contact–Colorado Springs, Inc. v. Mobile Radio Telephone Service, Inc.*, 191 Colo. 180, 551 P.2d 203 (1976). PSC has failed to make the required showing to the Commission and to obtain the required certificate of public convenience and necessity.

PSC has also failed to show that it falls within any of the statutorily created exceptions to the certification requirement. These exceptions allow the utility to forego obtaining a certificate if the extension would be into a territory "contiguous to its facility, line, plant, or system and not theretofore served by a public utility providing the same commodity or service, or for an extension within or to territory al-

ready served by it, necessary in the ordinary course of its business." Section 40–5–101(1), C.R.S. (1984 Repl.Vol. 17).

In this case, although the Shaklees' property lies wholly within PSC's certificated territory, the sole purpose of the easement sought by PSC is to accommodate an extension of service into territory which is already served by a public utility, Home Light, providing the same commodity or service. Thus, under the undisputed facts here, the extension is outside the ordinary course of PSC's business as a matter of law. Accordingly, pursuant to the statute, PSC was required first to obtain a certificate of public convenience and necessity upon a showing to the Commission that the proposed extension into Home Light's certificated territory would not duplicate existing services and that the existing services were substantially inadequate to meet the public need.

The case of *Miller v. Public Service Co.*, 129 Colo. 513, 272 P.2d 283 (1954), cited by PSC for the proposition that a certificate is not required for purposes of condemnation, is distinguishable on the facts. In *Miller*, the condemnation proceedings were stayed, pending appeal, before construction of the new facility had even begun. Here, not only have the condemnation proceedings been completed, but the transmission line is up and operating.

For these reasons, the judgment of the trial court entering the rule and decree in condemnation and the order for immediate possession were in error. In view of our conclusion, it is unnecessary to consider the other issues raised by the parties on appeal.

The judgment entering the rule and decree in condemnation is reversed, and the cause is remanded to the trial court with directions to conduct such further proceedings as necessary to dismiss the petition in condemnation.

TURSI and CRISWELL, JJ., concur.