STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, STATE OF COLORADO, Petitioner–Appellee,

v.

The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a Delaware corporation, Respondent–Appellant.

No. 86CA0282.

Colorado Court of Appeals, Div. I.

May 26, 1988.

Rehearing Denied July 21, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Thomas W. Gibb, Asst. Atty. Gen., Denver, for petitioner-appellee.

Kathleen M. Snead, Denver, for respondent-appellant.

PIERCE, Judge.

This appeal arises from an eminent domain proceeding brought by petitioner, Colorado Department of Highways, seeking to condemn a private way of necessity for public use over railroad tracks owned by respondent, Denver Rio Grande Western Railroad Company. From the condemnation decree entered against it, respondent appeals. We reverse.

The railroad tracks at issue are situated between several parcels of land owned by J. Golden Bair (Bair). There are two parcels of land located north of the tracks and one parcel to the south. One parcel (A) lies north of the Colorado river, the second parcel (B) lies south of the river but north of the tracks, and the third parcel (C), the southernmost parcel, lies south of the railroad tracks.

Since about 1920, Bair has operated a sheep ranch in the Glenwood Canyon area. Throughout this time, Bair would transport his sheep to parcel A, where he would herd them across the river by way of a foot bridge to parcel B. Bair would then herd the sheep under respondent's trestle to parcel C, where they would graze. Prior to 1982, there was never any vehicular access to parcel C.

In 1982, petitioner entered into an agreement with Bair in order to obtain parcel A for use as a public rest area for motorists using Interstate Highway 70 (I–70). In exchange for the parcel, petitioner agreed to erect an "at grade" crossing over respondent's tracks in order to allow Bair more convenient access from parcel B to parcel C. This crossing was to consist of both a road and access bridge.

Although respondent was contacted by petitioner concerning the possibility of an agreement to erect the crossing, it is disputed whether respondent ever agreed to allow the construction of the crossing. In any event, after construction of the I–70 highway project had begun, respondent refused to allow the erection of the crossing at grade.

Thereafter, petitioner filed this eminent domain proceeding seeking to condemn a local service road for the needed crossing. Respondent challenged the proceeding alleging that the condemnation was an unconstitutional taking because it was for a private use.

At the hearing on the matter, petitioner sought leave to amend its petition in order to condemn a private way of necessity rather than a local service road. The trial court allowed the amendment and then proceeded to the merits of the petition. After hearing the evidence, the trial court determined that the condemnation was constitutional because it was for a public purpose.

I.

Respondent contends that the trial court erred in granting petitioner a private way

of necessity over the railroad tracks. We agree.

Colo. Const. art. II, § 14 provides, in pertinent part, that:

"Private property shall not be taken for private use ... except for private ways of necessity...."

■ Private way of necessity is a term of art which generally denotes a landlocked parcel of land. *See Crystal Park Co. v. Morton,* 27 Colo.App. 74, 146 P. 566 (1913). In order to establish a private way of necessity, a petitioner must show that: (1) the original ownership of the entire tract of land was held by a single grantor prior to a division thereof; (2) the necessity existed at the time of the severance; and (3) the necessity for the particular right of way is great. *Wagner v. Fairlamb,* 151 Colo. 481, 379 P.2d 165 (1963), *cert. denied,* 375 U.S. 879, 84 S.Ct. 149, 11 L.Ed.2d 110 (1963). The facts must show that there is a practical inability to have access any other way than by way of necessity. *See LeSatz v. Deshotels,* — P.2d — (Colo.App. No. 86CA1087, February 11, 1988).

■ In the present case, there is no support for the granting of a private way of necessity. There is nothing in the record to show unity of ownership prior to any division, nor is there evidence indicating that such an easement has ever existed. The record further shows that the property has always been accessible without a private way of necessity, and therefore, petitioner failed to establish that the necessity for the right of way was great. Thus, the record does not support the granting of a private way of necessity.

II.

■ We disagree with petitioner's contention that although the condemnation was for a private way of necessity, the purpose was public, and therefore, the property was condemned without error.

Absent specified circumstances, private property may not be condemned unless the purpose of the condemnation is judicially determined to be a public use within the meaning of Colo. Const. art. II, § 15.

*Buck v. District Court,* 199 Colo. 344, 608 P.2d 350 (1980). Although no exact definition has yet been formulated as an infallible test to determine whether the use is public, essentially the purpose of the condemnation must be for the public benefit. *Tanner v. Treasury Tunnel Mining & Reduction Co.,* 35 Colo. 593, 83 P. 464 (1906).

Here, the purpose of the condemnation cannot be viewed as a public use. The record shows that the property sought to be condemned has no relation to the highway project, other than being consideration for petitioner's contract with Bair. Nothing in the record shows that the property itself is for the public benefit.

■ Furthermore, even if we assume the condemnation was for a public use, private property may not be condemned, even for a public use, in the absence of express or necessarily implied statutory condemnation authority. *Riverside Irrigation District v. Lamont,* 194 Colo. 320, 572 P.2d 151 (1977); *Potashnik v. Public Service Co.,* 126 Colo. 98, 247 P.2d 137 (1952). In determining the scope of the condemnation power delegated pursuant to legislative enactment, narrow construction is the rule, and courts must resolve uncertainty against the person asserting the right to condemn. *Coquina Oil Corp. v. Harry Kourlis Ranch,* 643 P.2d 519 (Colo.1982).

■ Here, petitioner claims authority to condemn the property at issue pursuant to § 43–1–208, C.R.S. (1984 Repl.Vol. 17). This statute allows condemnation of property desirable to alter a portion of a state highway. It does not, however, expressly or implicitly authorize condemnation of a private way of necessity for property having no connection with the highway alteration. Indeed, such a construction of the statute would authorize condemnation of any parcel of property that the highway commission deemed necessary to fulfill a contractual obligation, even though the property might be located miles from the highway itself. Construed narrowly, the statute does not authorize the condemnation sought here.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded with directions to dismiss the petition in condemnation.

TURSI and PLANK, JJ., concur.